### P. L. KINKEAD v. THE STATE.

No. 997.    Decided March 1, 1911.

Rehearing Denied March 29, 1911.

**1.—Burglary—Evidence—Flight.**

Upon trial of burglary, where the evidence showed that the defendant was found with the alleged stolen goods and that he was seen near the burglarized premises at the time of the alleged offense, there was no error in admitting in evidence the circumstances of his flight.

**2.—Same—Charge of Court—Ownership—Possession.**

Where, upon trial of burglary, the evidence showed that the room alleged to have been burglarized was occupied as a place of residence by the person alleged in the indictment from whom the goods were stolen, there was no error in refusing a special charge that such person was not the real owner of the room.

**3.—Same—Recently Stolen Property—Charge of Court—Explanation.**

Where there was no evidence that defendant gave any explanation of his possession of the stolen property, there was no error in the court's failure to charge thereon.

**4.—Same—Charge of Court—Breaking—Force.**

Where the court properly applied the law to the facts that the entry must be made with actual force in a daytime burglary, there was no error in the court's submission of the general burglary statute.

**5.—Same—Defendant as a Witness.**

Upon trial of burglary there was no error in the court's charge that defendant's failure to testify could not be taken against him.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence sustained the conviction, there was no error.

**7.—Same—Name of Defendant.**

Upon trial of burglary defendant could not complain that he was not indicted by his true name, as he had a right to suggest it.

Appeal from the District Court of Potter. Tried below before the Hon. J. N. Browning.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James H. Robertson* and *J. B. Robertson* and *Cooper, Merrill & Lumpkin,* for appellant.—On question of court's failure to give defendant's special charge on ownership: Reed v. State, 34 Texas Crim. Rep., 597; Lega v. State, 36 Texas Crim. Rep., 38, 34 S. W. Rep., 926.

On question of explanation of possession of stolen property: Hamilton v. State, 11 Texas Crim. App., 116; Ross v. State, 16 Texas Crim. App., 554.

On question of insufficiency of evidence: Field v. State, 24 Texas Crim. App., 422; Jackson v. State, 28 Texas Crim. App., 370; Boersh v. State, 62 S. W. Rep., 1060.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted in the District Court of Potter County, charged with the offense of burglary. Upon a trial he was adjudged guilty and sentenced to the penitentiary for two years.

The three bills of exception in the record relate to a portion of the testimony of G. M. Jenkins. Mr. Jenkins testified that he was in charge of Taylor Flats, in Amarillo, and rented room 14 to E. E. Young. That defendant, about a week prior to the alleged burglary, came and wanted to know if he desired to sell out; that defendant's mother was desirious of coming to that country; that at the time of said conversation he rented room 16, adjoining the room occupied by Young; that on the morning of the burglary he had cleaned up the rooms and cleaned up the room occupied by Young about 8:30 in the morning and closed the door. That thereafter on the same morning he was at the postoffice and saw defendant coming from the direction of Taylor Flats. In the afternoon after learning of the theft or burglary, defendant not having come to dinner, he went with an officer and searched the town of Amarillo for defendant, and failed to

find him. All this testimony was admissible, we think, when the further fact appears that defendant was arrested in Dallam County a day or so thereafter and had the stolen goods in his possession. No one saw defendant enter the room from which the goods were stolen, and the facts and circumstances are admissible showing defendant was at the house, when he went there, when he was seen coming from there, and the further fact of flight; that he immediately left town telling no one where he was going. Cooper v. State, 19 Texas, 450; Noftsinger v. State, 7 Texas Crim. App., 301; Simms v. State, 10 Texas Crim. App., 131.

The court did not err in refusing to give the special charge requested. The room in question is shown to have been rented to E. E. Young, and he was in possession and control of same. That another was the real owner is immaterial, as the indictment alleged that the room burglariously entered was then and there used and occupied as a place of residence by the person from whom the goods were stolen, and the evidence sustains the allegation. Sullivan v. State, 13 Texas Crim. App., 462.

Complaint is made that the court did not charge on the possession of recently stolen property. The record does not disclose at the time of his arrest or at any other time defendant gave any explanation of his possession of the stolen property and it was not error for the court to fail to charge on this issue. Baldwin v. State, 31 Texas Crim. Rep., 589.

The appellant complains that the court in defining burglary gave the statutory definition. In this there was no error, as the court in the charge applicable to this defendant instructed them that by the term "breaking" was meant that the entry must be made with actual force, and that as the burglary was alleged to have taken place in the daytime, the jury must be satisfied beyond a reasonable doubt that the entry was made by force in daytime, or they would not convict defendant. Sparks v. State, 34 Texas Crim. Rep., 86.

Complaint is made that the court instructed the jury that they should not consider, as a circumstance against the defendant, the fact that he failed to testify in his own behalf. The charge given in this case is in almost the exact terms of a charge approved by this court in Unsell v. State, 45 S. W., 902.

We have carefully considered every ground of appellant's motion for a new trial, and in regard to the one alleging that the testimony is insufficient to support the verdict we would say that the stolen goods were found in his possession; that he left Amarillo the day of the theft and was arrested in another place; that the morning of the theft when Mr. Jenkins cleaned and closed the door of the room from which the goods were stolen, he was at that time in bed in an adjoining room; that he was afterwards seen coming from that direction, and although he was boarding there, he never returned to the house, are all circumstances which, under a proper charge, as the court

gave in this case, the jury would be authorized to find the defendant guilty. Barrett v. State, 33 S. W., 1085.

In regard to the suggestion that defendant was not indicted in his true name, this is immaterial. Under articles 548 and 549, Code Crim. Proc., he had a right to suggest his true name when the case was called for trial. Not having done so, he can not for the first time complain in this court. Henry v. State, 38 Texas Crim. Rep., 306.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 29, 1911.—Reporter.]