## SUPREME COURT — SPECIAL TERM — RENSSELAER COUNTY.

### June, 1920.

## THE PEOPLE EX REL. PATRICK CASSIDY v. LEWIS E. LAWES, WARDEN.

### (112 Misc. 257.)

HABEAS CORPUS—RETURN TO WRIT OF—WHEN WRIT DISMISSED—CRIMINAL LAW—INCOMPETENT PERSONS—CODE CIV. PRO., § 2032—"MENTAL DEFICIENCY LAW" (LAWS OF 1919, CHAP. 633, § 24-A).

Where by the return to a writ of habeas corpus it appears that relator is held by virtue of a final judgment of the Supreme Court convicting him of the crime of murder in the first degree, the writ must be dismissed as commanded by section 2032 of the Code of Civil Procedure, even though it be assumed as a fact, presently disclosed but concealed from the court at the trial, that the relator was then and always had been an imbecile.

Section 24-a of the "Mental Deficiency Law" (Laws of 1919, chap. 633) *held* not to be available to relator either on habeas corpus or otherwise.

Relator's remedy is by a motion for a new trial and failing in this, an application to the governor who has plenary power to inquire into relator's mental condition.

HABEAS CORPUS proceedings.

*James J. Barry* and *Thomas J. O'Neill,* for relator.

*Charles D. Newton, Attorney General,* for defendant.

*Francis Martin, District Attorney* of Bronx County, for defendant.

HOWARD, J.:

The agent and warden of Sing Sing Prison in his return to the writ of habeas corpus herein, states as follows: " That the

said Cassidy was received in Sing Sing Prison on the 25th day
of January, 1919, under a judgment of conviction of the
Supreme Court in and for Bronx county, of the crime of
murder in the first degree, a copy of which judgment is hereto
annexed, marked ' A.'    That the cause of the imprisonment of
said James P. Cassidy is the aforesaid judgment."

Section 2032 of the Code of Civil Procedure commands the
court to dismiss a writ of habeas corpus if it appears that the
prisoner is detained " By virtue of the final judgment or decree
of a competent tribunal, of . civil or criminal jurisdiction."
The competency of the tribunal which tried and sentenced the
prisoner is not questioned in this proceeding, but its jurisdiction
to proceed with the trial of an imbecile, such as Cassidy is
alleged to be, is challenged.

When a prisoner is brought before the court under a writ of
habeas corpus, and the return shows that he is held by virtue
of a final judgment of a competent tribunal, the court will
inquire with " remorseless energy," as Judge Vann puts it,
into the jurisdiction of the tribunal.

The prisoner, in this case, was tried, convicted and con-
demned to death in the Supreme Court in Bronx county.   This
is not disputed.    And it is not disputed that the tribunal was
properly constituted and convened.    But the relator contends
that section 1120 of the Penal Law deprived the court of juris-
diction to try Cassidy.    The particular clause of that section
relied upon reads : " A person can not be tried, sentenced to
any punishment or punished for a crime while he is in a state
of   *   *   *   imbecility."

. The demurrer interposed by the attorney general practically
admits that Cassidy was, at the time of the trial, and always
had been, an imbecile.    The district attorney of Bronx county
has not demurred to the traverse and has not, therefore,
admitted Cassidy's imbecility.    In fact he vigorously disputes
it.    But assuming, for the sake of this discussion, that Cassidy
is now and was at the trial, an imbecile; that fact, disclosed

now for the first time, but concealed from the court at the trial, did not rob the court of the power to act at the time it did act. The prisoner came into court under the guidance of his attorney, submitted to the jurisdiction of the tribunal, interposed his defense, was convicted and took his appeal from the judgment of conviction. Now, nearly seventeen months afterward, he contends, through another attorney, that the court had no jurisdiction to proceed with the trial for the reason that he was a child in intellect, although a man in appearance, bulk and stature. Such a contention is intolerable. To sanction such a practice would make a mockery of the highest judicial tribunals.

"Want of jurisdiction is want of power to proceed." But there was no want of power to proceed. The Supreme Court had jurisdiction of the offense in this case and of the prisoner: this is conceded. It also had the power and it was its duty to proceed, unless the mental defect of the prisoner was brought to the attention of the court and established by competent proof. The naked assertion of the prisoner's imbecility at this time, or the mere admission of it by the attorney general in this proceeding, is not sufficient to undermine the jurisdiction of the trial court and render the trial a nullity. (People ex rel. Scharff v. Frost, 198 N. Y. 110.)

The decision by the Court of Appeals in People ex rel. Scharff v. Frost (supra) is absolutely conclusive. To fly in the face of that recent and well-considered adjudication would be both futile and disrespectful. Following that case, it must be held that the trial court had jurisdiction to pronounce judgment, and having reached that determination this court can inquire no further. (People ex rel. Hubert v. Kaiser, 206 N. Y. 46.)

But notwithstanding these well-settled principles which regulate the right to habeas corpus, the relator seeks to invoke a new statute, one which has been enacted since the trial of Cassidy, and which, as the relator contends, inures to the benefit

of the prisoner. It is chapter 633 of the Laws of 1919, known as the "Mental Deficiency Law," and particularly section 24-a of that act. It reads as follows: "Any person alleged to be mentally defective within the meaning of this chapter arraigned on a criminal charge may be committed before or after trial or conviction in a hospital or other suitable place selected by the state commission for mental defectives where such a detention hospital has not been provided, or a hospital designated to receive them by the county or local authorities of any municipality for a period not to exceed ten days, for examination as to his mental and physical condition, by any court or magistrate."

As I comprehend the scope and character of the Mental Deficiency Law, it is not applicable at all to conditions of this kind and does not in fact fit the circumstances of this case. Section 24-a is not, in my opinion, available to the defendant at this point, either upon habeas corpus or otherwise.

The relator's attorney is undoubtedly sincere in his contention that the prisoner is only a child and that his imbecility should have been interposed as a defense at the trial. He considers that the failure to do this resulted in a great miscarriage of justice and he is striving with commendable zeal to extricate his client from his perilous predicament. But the relator has mistaken his remedy. In almost every conceivable instance of alleged wrong there is a legal, regular route to relief. When there is such a route it should be pursued. There is no need to attempt to employ a doubtful remedy when specific redress is provided.

If the relator's counsel is correct in his statement of facts, Cassidy is an imbecile. He has no mind that can commit a crime. He is only a child. This was not known at the time of the trial. It has been discovered since. If this contention can be substantiated by sufficient proof, a perfect basis for a new trial on the grounds of newly-discovered evidence is established. If a motion for this relief were made in the proper

department, the First Department, it would seem that it ought to be granted. But that, of course, is for the justice to say to whom the application is made.

A motion for a new trial would be one of the regular channels, established by law, through which the prisoner might seek relief. Failing in this, then again the law provides another avenue. It is the executive. The Governor is vested with unlimited power to rescue this alleged feebleminded creature from the electric chair. He is clothed with plenary authority to inquire into the mental condition of the prisoner. He can determine absolutely, as far as expert skill can assist him, whether Cassidy is an adult or a child. If the condemned man is a child mentally, only eight years of age, the Governor will, of course, intervene. There can be no doubt of this. In this way the prisoner will escape the death penalty and the same result will be accomplished as though the court were to intervene; for, in any event, the prisoner cannot be discharged from custody and must be confined in an institution for the feebleminded.

These two methods of procedure are regular, they are certain, they are ample. It is needless to resort to habeas corpus, even were habeas corpus available. But the writ cannot be employed in this instance and the petition must be dismissed.

Ordered accordingly.