PITTS v. STATE. (6 Div. 364.)

(Court of Appeals of Alabama. Feb. 5, 1924.)

1. Criminal law ⚖=1086(2)—Record held sufficient to confer jurisdiction for prosecution of a violation of the liquor law.

Where, in a prosecution for a violation of the prohibition law, the record showed the complaint upon which prosecution was commenced in the county court, warrant of arrest, appearance bond, and bond for appeal to the circuit court, reciting that defendant was convicted for violating the prohibition law, and was fined a sum of $100, together with the costs, it was sufficient to confer jurisdiction upon the circuit court, notwithstanding a noncompliance by the trial judge with Code 1907, § 6726, in that the record did not show the minutes or judgment of the county court.

2. Criminal law ⚖=1032(5)—Plea of misnomer cannot be raised for the first time on appeal.

Where a complaint in a liquor prosecution was subject to a plea of misnomer, in that defendant was designated by his initials only, the plea. not having been filed in the lower courts, could not be raised for the first time on appeal.

3. Intoxicating liquors ⚖=238(1)—On undisputed evidence held error to refuse affirmative charge for defendant.

In a liquor prosecution, the court erred in refusing the affirmative charge to defendant, where the evidence was undisputed that the whisky upon which the prosecution was based was found in a house in which defendant had no possession or dominion except such as vested in him as landlord.

4. Criminal law ⚖=744—Where evidence is undisputed, question of law is raised.

Where the evidence is without dispute, it becomes a question of law for the court, and not one of fact for the jury.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

R. J. Pitts was convicted of violating the prohibition law, and appeals. Reversed and remanded.

The record shows the complaint or affidavit upon which the prosecution was commenced in the county court, warrant of arrest, appearance bond, and bond for appeal to the circuit court, reciting that "R. J. Pitts was convicted in the county court for violating prohibition law, being fined the sum of $100, together with costs. Judgment being rendered upon said conviction and the said defendant having prayed an appeal to the present term of the circuit court." etc. The record does not show the minutes or judgment of the county court.

Bankhead & Bankhead and Chas. R. Wiggins, all of Jasper, for appellant.

Appellant did not have possession of that part of the house where the whisky was found, and he was due the affirmative charge. Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Roberson v. State, 18 Ala. App. 69, 88 South. 355; Graves v. State, 18 Ala. App. 434, 92 South. 908; Mitchell v State, 18 Ala. App. 119, 89 South. 98; Adams v. State, 18 Ala. App. 143, 90 South. 42; Jones v. State, 18 Ala. App. 116, 90 South. 135; Spelce v. State, 17 Ala. App. 401, 85 South. 835; Hanson v. State, ante, p. 249, 96 South. 655; 3 Bouvier's Law Dict. 2636.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

It was a question for the jury whether or not the liquor being in defendant's house, was in his possession. Grant v. State, 97 Ala. 35, 11 South. 915.

BRICKEN, P. J. The prosecution against this appellant, defendant in the court below, originated in the county court of Walker county; the charge being a violation of the prohibition law by having in his possession prohibited liquors.

[1] Under the authority of Ex parte State ex rel. Attorney General, McLosky v. State (Ala. Sup.) 98 South. 708,[1] we must hold that sufficient data is shown by the record to confer jurisdiction upon the circuit court of Walker county, although it clearly appears that there was a noncompliance on the part of the judge of the county court with the provisions of section 6726 of the Code of 1907.

[2] In the county court upon complaint and affidavit, and in the circuit court upon complaint filed by the solicitor, this appellant was charged by his initials only; these complaints were therefore subject to a plea of misnomer, but, as no such plea was filed in either court for and on behalf of the accused,

---

the question. is not presented here, and cannot be raised in this court for the first time on appeal.

From a judgment of conviction in the circuit court this appeal was taken.

[3] The evidence relied upon by the state for a conviction showed, without dispute, that on a Sunday afternoon in July, preceding the trial of this case, the two state witnesses went to a house owned by appellant, in Walker county, and upon looking through the window of the kitchen of said house saw a fruit jar containing some substance that looked like whisky; they put a boy through the window, who got the jar and delivered it to the state witnesses, and it was discovered that the contents was whisky, whereupon a warrant was sworn out in the county court, and the prosecution started as above stated. The testimony as a whole also shows that some time prior, several days, the defendant had rented the house in question to other parties, and had delivered possession to said tenants, reserving for himself one room only, but not the room in which the whisky was found; to the contrary, as to that room (the kitchen) the evidence shows without dispute that appellant, although the owner of the house, did not have possession thereof and had no dominion thereover, except such as was vested in him as landlord, or owner. All this being without conflict, the defendant requested the general affirmative charge in his behalf, on the grounds that there was no testimony in the case against the defendant upon which a verdict of guilty could be based, and that the evidence was insufficient to sustain a judgment of conviction.

[4] As above stated, this evidence was without dispute, and therefore it became a question of law for the court and not one of fact for the jury. We are of the opinion that the court erred in the refusal of the charge in question. Fair v. State, 16 Ala. App. 152, 75 South. 828; Spelce v. State, 17 Ala. App. 401, 85 South. 835.

In the Fair Case, supra, this court (through Samford, J.) said:

"The pertinent question as presented by this record is: Was there sufficient evidence to go to the jury upon which they would be warranted in returning a verdict of conviction for crime? There is no doubt, and the court in its general charge correctly stated that 'A person may have possession [of a house], yet not have title to it.' But if a person has possession of a house and has boarders to whom he rents rooms, and one of those boarders has locked in his trunk in his own room 40 half pints of whisky, does that fact render the party in possession of the residence liable to a criminal prosecution for violating the prohibition law? Or should a visitor in a private house have in his room and locked in his trunk an amount of whisky exceeding the amount allowed, would this render the host liable to a prosecution? Or, if a person owning and possessing a house, which he is using as a private house, except that he has one boarder, who has a room there, and that boarder has locked in a trunk in his room 37 half pints of whisky, would that fact authorize a jury to convict the possessor of that house for keeping whisky for sale? Such is not the law."

Reversed and remanded.