DUBOSE v. STATE. (5 Div. 467.)

(Court of Appeals of Alabama. June 24, 1924. Rehearing Denied July 22, 1924.)

1. Criminal law ⊜⇒446—Notes of official court reporter are prima facie correct, when transcribed and duly authenticated.

Notes of official court reporter are prima facie correct, when transcribed and duly authenticated.

2. Criminal law ⊜⇒444—Exclusion of unofficial stenographic notes of testimony not identified by stenographer held not error.

Exclusion of unofficial stenographic transcript of testimony given in county court by witness, since removed from state, held not error, where stenographer was not present to identify notes.

3. Criminal law ⊜⇒763, 764(24)—Charge held properly refused as invasive of province of jury.

Requested charge, that proof of one single fact which is inconsistent with defendant's guilt is sufficient to raise a reasonable doubt and to justify finding of not guilty, held properly refused as invasive of province of jury and misleading.

4. Criminal law ⊜⇒789(12)—Requested charge held properly refused as being faulty.

Requested charge, that if jury would not be willing to act upon the evidence in the case, if it were in relation to matters of the most solemn importance to their own interest, then jury must find defendant not guilty, held properly refused as being faulty.

5. Criminal law ⊜⇒809 — Obviously faulty charge properly refused.

Requested charge, that jury must find defendant not guilty, if his conduct upon a rea-

sonable hypothesis is inconsistent with his innocence, *held* properly refused as obviously faulty.

**6. Criminal law ⬅➡829(1)—Refusal to give charge covered by oral charge not error.**

Refusal of charge fairly and substantially covered by oral charge *held* not error, in view of Acts 1915, p. 815.

**7. Criminal law ⬅➡807(1)—Refusal to give argumentative charge proper.**

Refusal to give argumentative charge *held* proper.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

J. M. Dubose was convicted of violating the prohibition law, and appeals. Affirmed.

See, also, 19 Ala. App. 630, 99 So. 746.

Certiorari denied by Supreme Court in Ex parte Dubose, 212 Ala. 190, 101 So. 912.

These charges were refused to defendant:

"(1) I charge you, gentlemen of the jury, that, if there is one single fact proven to the satisfaction of the jury which is inconsistent with the defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should find the defendant not guilty."

"(3) I charge you, gentlemen of the jury, that, if you would not be willing to act upon the evidence in this cause, if it were in relation to matters of the most solemn importance to your own interest, then you must find the defendant not guilty."

Saxon & Pitts and Reynolds & Reynolds, all of Clanton, for appellant.

A complaint by the solicitor was essential. Code 1907, § 6730; Haynes v. State, 5 Ala. App. 167, 59 So. 325; Lee v. State, 10 Ala. App. 191, 64 So. 637. Introduction of the testimony of witness Hasty taken on a former trial should have been permitted. Pope v. State, 183 Ala. 61, 63 So. 71. Charge 1 should have been given. Hubbard v. State, 10 Ala. App. 47, 64 So. 633.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The stenographic notes of Hasty's testimony were properly disallowed. Harper v. State, 16 Ala. App. 538, 79 So. 632; Wigginton v. State, 17 Ala. App. 651, 87 So. 698; Ex parte State, 205 Ala. 147, 87 So. 700. Charge 1 is bad. White v. State, 18 Ala. App. 96, 90 So. 63.

FOSTER, J. This prosecution was commenced by affidavit in the county court, charging the appellant with having in his possession prohibited liquors. From the judgment of conviction in the county court, an appeal was taken to the circuit court. The only paper in the record showing the trial in the county court and appeal to the circuit court is the appeal bond executed by the defendant, reciting that he was convicted in the county court of having whisky in his possession, and by the judgment of said court fined $100 and sentenced to hard labor for 90 days, and that he has appealed from such judgment to the circuit court.

In Ex parte State ex rel. Attorney General McClosky, 210 Ala. 458, 98 So. 708, our Supreme Court, speaking through Justice Gardner, holds "that the recitals of the appeal bond suffice to show the trial and conviction of the defendant in the county court, and his appeal from a conviction to the circuit court, thereby giving to the latter court jurisdiction of the cause.

[1, 2] It is insisted by counsel for appellant that the court erred in sustaining the objection of state's solicitor to the introduction in evidence of the testimony of Allen Hasty, taken by a stenographer on the trial in the county court. It was shown that the witness had removed from the state. A Birmingham stenographer was employed to take the testimony of the witnesses in the county court, and had transcribed the notes of testimony of Allen Hasty, and the defendant offered this typewritten testimony in evidence. The stenographer was not the official court reporter, and was not present to identify the notes of the testimony of Allen Hasty.

The notes of the official court reporter are prima facie correct, when transcribed and duly authenticated. Harper v. State, 202 Ala. 85, 79 So. 633. In the instant case the notes of the stenographer who took the testimony in the county court were not official, bore no indication of correctness, the defendant did not offer the party who made the notes to testify that they were correct, and the court did not err in refusing to admit the transcription in evidence. The judge of the county court did not remember the name of the witness, and did not undertake to testify to what the witness Hasty had said on the trial in the county court. He remembered that some facts like those detailed to him were introduced in evidence on said trial, but did not remember who testified to such facts.

[3] Charge 1 requested by defendant, has been repeatedly condemned as invasive of the province of the jury, and also as misleading. White v. State, 18 Ala. App. 96, 90 So. 63; Walker v. State, 117 Ala. 42, 23 So. 149; Morris v. State, 124 Ala. 44, 27 So. 336; Moss v. State, 152 Ala. 30, 44 So. 598; Campbell v. State, 182 Ala. 18, 62 So. 57; McClain v. State, 182 Ala. 67, 62 So. 241.

Our Supreme Court, in Davis' Case, 184 Ala. 26, 63 So. 1010, speaking through Justice Somerville, expressly overruled Walker's Case, 153 Ala. 31, headnote 8, 45 So. 640; Simmon's Case, 158 Ala. 8, headnote 10, 48 So. 606, and Roberson's Case, 175 Ala. 15, headnote 4, 57 So. 829, in which the above

charge was approved, and reaffirmed the ruling in Walker's Case, 117 Ala. 42, headnote 12, 23 So. 149, condemning the charge as invasive of the province of the jury and misleading.

[4] Charge 3 was faulty. Similar charges have been condemned in the following cases: Rogers v. State, 117 Ala. 9, 22 So. 666; Amos v. State, 123 Ala. 54, 26 So. 524; Allen v. State, 111 Ala. 80, 20 So. 490.

[5] Charge 6, "You must find the defendant not guilty if the conduct of the defendant upon a reasonable hypothesis is inconsistent with his innocence," was obviously faulty and properly refused.

[6] Charge 7 was fairly and substantially covered by the oral charge of the court, and its refusal was not error. McKenzie v. State, 19 Ala. App. 319, 97 So. 155; Acts 1915, p. 815.

[7] Charge 9 was argumentative, and invasive of the province of the jury, and its refusal was not error.

The record discloses no error. The judgment of the circuit court is affirmed.

Affirmed.