# TOM ARMSTRONG v. STATE.

No. A-5529.   Opinion Filed June 2, 1926.
Rehearing Denied Sept. 18, 1926.
(248 Pac. 877.)

W. P. Hickok and J. H. Antrobus, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Dewey county on a charge of transporting intoxicating liquor and sentenced to confinement in the county jail for a period of 30 days and to pay a fine of $50.

Two contentions are argued by defendant:  First, that

the court had no jurisdiction of the cause; second, that the court had no jurisdiction of the person of defendant. An examination of the record discloses that a complaint was filed before the county judge as a committing magistrate, charging a felony under section 6991, Comp. Stat. 1921, as a second violation of the prohibitory liquor law. It further appears that the district court held the information stated only a misdemeanor, and ordered it transferred to the county court, evidently reasoning that an information charging a misdemeanor could be transferred to the county court for trial, under section 2353, Comp. Stat. 1921, in the same manner as an indictment. This court, in the case of Wychoff v. State, 6 Okla. Cr. 122, 116 P. 355, held that an information charging a misdemeanor conferred no jurisdiction on the district court, and could not be transferred, but must be dismissed. So, conceding that the proceedings in the district court were a nullity, we see no reason why an information could not be filed in the county court charging a violation of the prohibitory liquor law. This was done, although the information was styled, "amended information." The county court acquired jurisdiction of the cause. This would be true although an information charging a felony based on the same state of facts was pending in the district court, since a pending prosecution in the district court would not constitute jeopardy.

Considering the further assignment that the court had no jurisdiction of the person, defendant argues that no warrant was issued, and that he did not submit himself to the jurisdiction of the court. Upon his arraignment, defendant filed what is called a special appearance and objection, in which the jurisdiction of the person is challenged as follows:

"Comes now the defendant, Tom Armstrong, in the above-entitled cause, and appears specially for the purposes of these objections only, and alleges and states to

the court that he objects to the arraignment of defendant herein and to the requirement of the court that he plead to the charge contained in the pretended amended information herein, for the reasons following, to wit: First, for the reason that the court has no jurisdiction of the person of the defendant."

This special appearance and objection is not verified. No proof was made or offered to be made in support of it. It will be observed that it fails to allege that no warrant had been issued and served on defendant, and fails to allege that the defendant was not lawfully arrested without a warrant. We cannot ascertain from this objection to the jurisdiction of the person just what it is claimed was lacking to give the court jurisdiction of the person of defendant. Jurisdiction of the subject-matter cannot be conferred by consent, nor can it be waived, and it may be raised at any time before or after trial, and even for the first time in the appellate court. Gibbons v. State, 5 Okla. Cr. 212, 115 P. 130; Crump v. State, 7 Okla. Cr. 535, 124 P. 632; Brown v. State, 9 Okla. Cr. 382, 32 P. 359; 16 C. J. p. 184, note 7.

Jurisdiction of the person however, is an entirely different matter. It may be acquired by the arrest of a defendant upon a warrant, or it may be acquired by a voluntary submission of a defendant to the jurisdiction of the court, or it may be acquired by a legal arrest of a defendant without a warrant. Section 2471, Comp. Stat. 1921. The presumption is that the proceedings in courts of record are regular, and the burden to show clearly the irregularity complained of is on one who questions such proceedings. Lancaster v. State, 2 Okla. Cr. 682, 103 P. 1065; Killough v. State, 6 Okla. Cr. 312, 118 P. 620; Jones v. State, 10 Okla. Cr. 216, 136 P. 182, 137 P. 121.

The filing of an unverified motion by a defendant at the time of his arraignment, making the bare statement

that the court has no jurisdiction of his person, without specifying any ground for lack of jurisdiction and without tendering any proof in support of such allegation, is not sufficient to overcome the presumption of regularity.

The error complained of not being made to affirmatively appear, the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.