(136 So. 428)

## BENTON v. STATE.
### 7 Div. 757.

Court of Appeals of Alabama.
Aug. 4, 1931.

Windham & Countryman, of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The appellant in this case was indicted by his initials only; and there was no allegation to the effect that his Christian name was unknown to the grand jury. The indictment, therefore, was subject to a plea of misnomer, for the law is that an indictment which sets forth the defendant's Christian name by initials, only, is subject to a plea in abatement, unless it is alleged that the Christian name was unknown to the grand jury otherwise than as laid in the indictment. Du Bose v. State, 19 Ala. App. 630, 99 So. 746, and cases therein cited.

However, in the case at bar, the defendant failed to avail himself of this privilege or legal right; and as jurisdiction of the person may be conferred by consent, his failure to file such plea must be ·construed here, as ·far as this trial is concerned, as his having consented that he be tried upon the indictment as framed. The question cannot for the first time be presented upon appeal.

The offense charged was that "he did, within the State of Alabama, transport, in quantities of five gallons or more, liquors or beverages, the sale, possession or transportation of which is now prohibited by law in Alabama." Counts 2 and 3 were of the same import. In count 4, it was charged that "he did within the State of Alabama, transport, in quantities of five gallons or more, alcoholic, spirituous, vinous, or malt liquors, the sale, possession, or transportation of which is now prohibited by law in Alabama," etc.

Necessary to a conviction under this indictment, the burden rested upon the state to prove, under the usual measure of proof in criminal cases, that is to say, beyond a reasonable doubt, that the "liquor" alleged to have been transported is one or the other of the designated liquors .contained in count 4 of the indictment, all of which this court judicially knows are prohibited liquors or beverages; or, the state must show by its proof, as charged in the other counts of the indictment, that the "liquor" in question comes within the purview of the allegation, "liquors or beverages, the sale, possession or transportation of which is prohibited by law in Alabama." This is an essential ingredi-

ent of the offense and, as stated, must be proven like any other material averment in the indictment.

In the case at bar no such proof was offered. In each and every instance where the alleged contents of the car was mentioned or described, each witness referred to it as "liquor" only. There was no attempt to prove that the liquor in question came within the terms of either count in the indictment, and nothing to show that it was such liquor or beverage "the sale, possession or transportation of which is prohibited by law in Alabama." Neither was there any proof, nor attempt to prove, that the liquor in the car and alleged to have been transported by this appellant was "alcoholic, spirituous, vinous, or malt liquors a part of which was alcohol." Such failure of proof cannot be supplied by the courts; nor can the cursory manner in which this case appears to have been tried in the court below be remedied here. This would not be in due process of law wherein it is provided "that in all criminal prosecutions the accused * * * shall not be * * * deprived of life, liberty, or property, except by due process of law." Section 6, art. 1, Const. 1901.

In Webster's New International Dictionary, "liquor" is defined to be: "Any liquid substance, as water, milk, blood, sap, juice or the like: Any beverage, as temperance liquors, or those not intoxicating," etc.

Upon another trial the discrepancy here discussed may in all probability be supplied, if the accused again, as in this trial, consents for the court to take jurisdiction of his person under the indictment as framed.

In the total absence of any evidence showing or tending to show that the "liquor" in question was of such character as to bring it within the terms of the indictment and of the controlling statute, the accused was entitled to the affirmative charge which was requested in writing and refused.

Reversed and remanded.