Ex parte HATTIE D. YANDELL.

No. A-8507. May 12, 1933.
(22 Pac. [2d] 114.)

Hattie D. Yandell, guardian, pro se.

J. Berry King, Atty. Gen., and George J. Fagin, Asst. Atty. Gen., for the State.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petition is filed by Hattie D. Yandell, guardian, in behalf of Ozie Yandell, who will be referred to as petitioner. It alleges that said Ozie Yandell is unlawfully restrained by the warden of the penitentiary; that said restraint is by virtue of a commitment of the district court of Hughes county on a conviction in said court on a plea of guilty of burglary.

It is alleged the conviction and the commitment are void for the reason that at the time said Ozie Yandell was an insane and incompetent person and had been so adjudged by the county court of Seminole county. Attached to the petition is a certified copy of the judgment and commitment and of the judgment of the county court of Seminole county adjudging Ozie Yandell to be an insane, incompetent person. It is alleged that said Ozie Yandell appeared without counsel and none was appointed for him, and by reason of his insanity was incapable of waiving any of his legal rights, and for that reason the district court was without jurisdiction to render judgment. The argument is made that a person insane at the time of the commission of an offense can never be punished for such an offense or that a person who commits an offense while sane and thereafter becomes insane cannot be punished so long as he shall remain insane. In support of his contention petitioner cites In re Wright, 74 Kan. 406, 86 Pac. 460, 89 Pac. 678. In this case Wright was charged with burglary before the municipal court of the city of Wichita, sitting as an examining magistrate. The defense of insanity was interposed and defendant was committed

to jail in default of bond. The defendant previously had been adjudged insane by the probate court and committed to an asylum. The court there held that where a defendant had been adjudged insane by the probate court and a preliminary hearing is thereafter had before a committing magistrate on a charge of felony and the fact of insanity is pleaded in abatement, the committing magistrate is without jurisdiction to commit the accused where he makes no examination nor finding of his mental capacity. The court states had this been done a conflict of jurisdiction would have arisen and a more difficult question presented. The gist of the holding seems to be that the accused having been adjudged insane, and that fact having been pleaded, the presumption of insanity prevails in the absence of any proof and finding to rebut. No authority is cited. The practice in this state would not require any such finding by the magistrate, but the question of insanity would be determined in the trial court under the provisions of sections 3106, 3212-3219, Okla. Stat. 1931. Under our law this case is not in point.

The further case of Mabry v. Hoye, 124 Miss. 144, 87 So. 4, is cited. This was a habeas corpus case wherein Horne, who was insane and confined in an insane hospital, was afterwards indicted for murder; Mabry, the sheriff, sought by means of habeas corpus to obtain the custody of Horne so he might be placed on trial for the crime charged. The court denied the writ and in reviewing the statutes said that Horne, having been adjudged insane by the chancery court and by its order committed to the custody of the superintendent of the hospital, was properly held by the superintendent and could not be tried for the crime. The question for decision in that case was whether or not one who had been adjudged a lunatic and committed to an insane hospital might be taken from the custody

of the superintendent and put on trial for a crime he had committed after being adjudged a lunatic. The Supreme Court, under the statutes, held that the chancery court had full jurisdiction and denied the writ. This case does not support the contention of petitioner.

It is fundamental that habeas corpus cannot be invoked for the release of one imprisoned under a judgment and commitment by a court of competent jurisdiction unless the judgment and sentence is clearly void. After a judgment of conviction has become final, the question of defendant's insanity at the time of the commission of the offense or at the time of trial cannot be raised on habeas corpus. Ex parte Stevenson, 187 Cal. 773, 204 Pac. 216. See, also, In re Selowsky, 189 Cal. 331, 208 Pac. 99; People ex rel. Cassidy v. Lawes, Warden, 112 Misc. 257, 182 N. Y. S. 545, 546; Winslow v. Green, 155 Ind. 368, 58 N. E. 259; Ex parte Heytz, 17 Okla. Cr. 698, 192 Pac. 698.

In the Cassidy Case, supra, wherein it was sought by habeas corpus to release one convicted of a felony because of his imbecility at all times, the court said:

" 'Want of jurisdiction is want of power to proceed.' But there was no want of power to proceed. The Supreme Court had jurisdiction of the offense in this case and of the prisoner; this is conceded. It also had the power and it was its duty to proceed, unless the mental defect of the prisoner was brought to the attention of the court and established by competent proof. The naked assertion of the prisoner's imbecility at this time, or the mere admission of it by the Attorney General in this proceeding, is not sufficient to undermine the jurisdiction of the trial court and render the trial a nullity. People ex rel. Scharff v. Frost, 198 N. Y. 110, 91 N. E. 376, 139 Am. St. Rep. 801."

In the Heytz Case, supra, this court held:

"A petition for a writ of habeas corpus alleging that petitioner was unlawfully restrained of his liberty by the chief of police under a sentence for vagrancy imposing a fine, and that petitioner was insane, and had been so adjudged, as evidenced by an attached certificate of the clerk of court, held not to allege facts sufficient to warrant issuance of the writ."

A somewhat similar question was presented in the case of In re McWilliams, 254 Mo. 512, 164 S. W. 221, 222; the court said:

"We conclude that since the probate courts have no jurisdiction in criminal cases, since the degree of insanity which will authorize the adjudication of a person as insane is not always the same degree as will excuse the same person when tried for a crime, since it is unthinkable to urge that the will of the insane person's guardian shall be substituted for the custody of the criminal court, and therefore in the absence of an express statute the rule at common law should prevail in the trial of the alleged insane defendant; that is, that the trial judge upon his own inspection and view of the accused, or in his discretion, upon examination of the proceedings of the probate court may either impanel a jury and try as a preliminary matter the question of the present insanity of the accused, or submit the questions of insanity, with the whole case, to the jury which tries accused for the felony, and if guilt be found, follow the proceedings set out in sections 1430 et seq., in such wise as the then mental condition of the defendant, as found by the jury, may render appropriate."

See, also, In re Selowsky, 189 Cal. 331, 208 Pac. 99, and Ex parte Shaffer, 70 Mont. 609, 227 Pac. 37.

The judgment is not void, and the petitioner is not entitled to release by habeas corpus.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.