### HARRY ROSENBAUM v. THE STATE.

No. 20812. Delivered January 31, 1940.
Rehearing Denied March 20, 1940.

The opinion states. the case.

*Forrest Campbell,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.
Appellant was convicted for the offense of unlawfully carrying a pistol and his punishment was assessed at a fine of $100.

The record is before us without statement of facts or bills of exception, in the absence of which nothing has been presented authorizing a reversal of the conviction.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.
This cause has been heretofore affirmed, there having been an absence of a statement of facts and bills of exception. In this motion, however, our attention is called to the fact that the complaint and information charge Harry Rosen*baum* with unlawfully carrying a pistol, and the judgment and sentence refer to the defendant as Harry Rosen*bauer.* It is to be noted however, that upon the reading of the State's pleadings herein appellant pleaded not guilty and made no suggestion of a misnomer; that a jury was waived and the matter presented to the court; that appellant was by the court found guilty and assessed a fine of $100.00; and that appellant, under the name of Rosen*bauer,* filed a motion for a new trial.

Under Art. 495, et seq., C. C. P., if there is no suggestion made by the defendant as to a mistake in his true name, the trial shall proceed in the name set forth in the indictment or information.

We have heretofore held in the case of Kinkead v. State, 61 Texas Crim. Rep. 651-654, as follows: "In regard to the sug-

gestion that defendant was not indicted in his true name, this is immaterial. Under articles 548 (now 495) and 549 (now 496), Code Crim. Proc., he had a right to suggest his true name when the case was called for trial. Not having done so, he can not for the first time complain in this court. Henry v. State, 38 Texas Crim. Rep. 306."

The motion is overruled.