## Ex parte GILES.

No. A-11961. Oct. 28, 1953.

(262 P. 2d 909.)

Ollie Giles, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. This is an original action on an unverified petition executed before two witnesses by Ollie Giles for a writ of habeas corpus. In said petition

for habeas corpus petitioner alleges that he is being unlawfully restrained of his liberty by Warden Jerome J. Waters at the State Penitentiary located at McAlester, Oklahoma. The cause of said alleged unlawful restraint is a certain conviction by a jury and judgment and sentence entered against the petitioner on February 13, 1952 in the superior court of Comanche county, Oklahoma, wherein he was found guilty of first degree manslaughter on a charge of the murder of one Charlie Ray Anderson in Lawton, Oklahoma, Comanche county, on December 24, 1951.

The substance of the allegations in said petition are that he was not properly represented by counsel in that Mr. John Tyree, his counsel, had been the personal attorney for Mrs. Livvia Holt for 15 years, she being the mother of Charlie Ray Anderson, the victim of the alleged murder, and further that the said attorney for the petitioner forced him to give perjured testimony to the effect that he was drunk—so drunk he did not recall any of the facts leading up to and until after the killing. Further, he alleges that his said attorney tried to get him on the stand to testify to "what I told you to tell them". In support of these allegations he attached two unsworn statements of what appear to be statements of other inmates of the penitentiary in contradiction of sworn testimony of other witnesses offered at the trial, their statements being to the effect that the defendant was not under the influence of intoxicating liquor or drunk and that he was in control of all his faculties. Another such statement is to the effect that the said inmate had lived in common-law relationship with Livvia Holt for 15 years and for a number of years that John Tyree had been her personal attorney. Attached to the petitioner's petition is a transcript of the evidence taken at the time of trial. Therein it appears that the defendant's guilt was clearly established.

The record discloses that the petitioner killed Anderson over a dime which belonged to Anderson and the petitioner picked up and for which petitioner was slapped. Thereafter the petitioner procured a shotgun from a friend, returned to the gambling dive and shot the decedent in the back in the nighttime from outside of the house through a window.

This record reveals that the petitioner was ably represented at the trial. It does not appear that improper representation was the cause of defendant's conviction, but to the contrary petitioner's guilt was conclusively established. It does not appear the petitioner was beside himself and not in control of all of his faculties. It does show he might have received the extreme penalty. The record herewith attached would have supported the death penalty if it had appeared, as now contended, that the petitioner was in possession of all his faculties. Furthermore, even if John Tyree whom this court knows to be a reputable attorney and in good standing in the Oklahoma bar, had represented Livvia Hope, mother of the deceased, such fact does not appear to have affected the result of the trial in the least. If such had been the case, the burden would be on the petitioner to clearly establish the fact that such prior employment by the decedent's mother of petitioner's counsel resulted in substantial prejudice, at the time of trial to the rights of the petitioner. The burden of establishing the allegations of the petition in habeas corpus is on the petitioner. Ex parte Hunt, 93 Okla. Cr. 106, 225 P. 2d 193. Moreover, the record herein fails to support the allegation of prejudice. The substance of this proceeding consists only of the mere assertion of prejudice contained in the unverified petition and an unsworn statement as to Mr. Tyree's employment executed by what appears to be an inmate of the penitentiary. The record does not support the petition.

It is apparent that this proceeding is an attempt to obtain a review of the record by habeas corpus on appeal. It has been repeatedly held that habeas

corpus cannot be substituted for appeal. Ex parte Walters, 92 Okla. Cr. 1, 221 P. 2d 659; Ex parte Gower, 92 Okla. Cr. 315, 223 P. 2d 154; Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228.

Ordinarily, the only matters subject to review in a habeas corpus proceeding are, Did the court have jurisdiction of the person of the accused, of the said matter and authority under the law to inflict the punishment imposed? Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840; Tartar v. Burford, 93 Okla. Cr. 281, 227 P. 2d 422, certiorari denied Paul v. Burford, 341 U.S. 922, 71 S.C. 738, 95 L. Ed. 1355.

Furthermore, it has been held that the petitioner in a habeas corpus proceeding cannot show facts inconsistent with the record made at the time of trial. 39 C.J.S., Habeas Corpus, § 26, p. 490, Note 32:

"The record of the proceedings and judgment of the trial court, if a court of general and competent jurisdiction, imports verity, and is not open to contradiction or impeachment in the habeas corpus proceedings, * * *."

Riddle v. Dyche, 262 U.S. 333, 43 S.Ct. 555, 67 L.Ed. 1009, wherein in the headnotes the law is correctly summarized:

"The record of a criminal trial is not open to collateral attack in a habeas corpus proceeding to secure the release of a convict, but imports absolute verity.

"The power to inquire by a habeas corpus proceeding into facts outside the record of a conviction cannot be extended to such as are inconsistent with the record."

Ex parte Hampton, 87 Okla. Cr. 416, 198 P. 2d 751, 752:

"Every presumption favors regularity of the proceedings had in the trial court; errors must affirmatively appear from the record; it is never presumed.

"As against a collateral attack the judgment is valid unless the contrary appears in the record and omission in the record of every step in the proceeding does not overcome the presumption of regularity and warrant release on writ of habeas corpus."

Nor can a petitioner retry the issues of a case by habeas corpus. DeWolf v. State, 96 Okla. Cr. 382, 256 P. 2d 191. It is apparent that neither the record at the trial nor the proof in this proceeding are sufficient to sustain the allegations of the petition. For all the above and foregoing reasons, the petition for habeas corpus is accordingly denied.

POWELL, P. J. and JONES, J., concur.