In the Matter of the Habeas Corpus of James P. DUTY, Petitioner.

No. A–12523.

Criminal Court of Appeals of Oklahoma.

Nov. 27, 1957.

James P. Duty, petitioner pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Presiding Judge.

This is a proceeding by unverified petition in habeas corpus brought by James P. Duty, serving his eighth term and now an inmate of the Oklahoma State Penitentiary. In said petition he alleges, in substance, that he is being unlawfully deprived of his liberty by H. C. McLeod, Warden, by virtue of a judgment and sentence entered in the Superior Court of Okmulgee County, Oklahoma, on November 16, 1956, wherein he was sentenced on a charge of uttering a false and bogus check to a term of five years in the state penitentiary. The charge was styled State of Oklahoma v. George Alexander. Judgment and sentence were entered on a plea of guilty, *the defendant being present in person and represented by counsel,* as appears in the copy of the judgment and sentence attached to the Attorney General's response.

The petition alleges that the petitioner's correct name is James Ples Duty and that he signs his name James P. Duty and not George Alexander. Further, he alleges that he was told by the arresting officers he was wanted by the State of Arkansas and if he would make restitution on the bogus check in the amount of $45, which he contends he did, and waive extradition, the charge then pending against him in Okmulgee County would be dismissed and he would be delivered to the authorities of the State of Arkansas. (Such agreements have been held not to be binding on the trial court. Ex parte Davenport, 95 Okl.Cr. 140, 241 P.2d 429.) He also contends he was not in his right mind and knew nothing of what transpired at the time of arraignment and his plea of guilty. He later learned, he asserts, he had been sentenced to the penitentiary for a term of five years on the charge complained of. The petitioner further complains that the court had no legal right to try and condemn him under the name of George Alexander, and the officers who made the promises as aforesaid as an inducement to the petitioner to make restitution were the means by which he was denied a fair and impartial trial. By reason of the foregoing things, he says he is entitled to a vacation of the judgment and sentence imposed. These allegations are unsupported by any evidence.

The Attorney General made response to said petition in substance denying each and every material allegation made therein and further alleging that petitioner is being held under a valid judgment and sentence, a copy of which is attached to the response, and further that no jurisdictional questions are raised as a result of the petition for habeas corpus, and that the matters complained of should have been preserved by trial proceedings and raised by appeal in this Court.

The first proposition in relation to the charge being brought against George Alexander and not against James P. Duty, presents an unusual question. Under 22 O. S.1951 § 403, it is provided:

"When a defendant is indicted or prosecuted by a fictitious or erroneous name, and in any stage of the proceedings his true name is discovered, it must be inserted in the subsequent proceedings, referring to the fact of his being charged by the name mentioned in the indictment or information."

It has been repeatedly held in considering objections to the jurisdiction of the court in criminal prosecutions, a distinction is to be made between those which involve jurisdiction of fundamental rights of the accused and those which involve mere personal privileges of the accused. The former cannot be waived, but the latter can. The proposition that the court has no jurisdiction of the offense or subject matter cannot be waived. Where a court has jurisdiction of the offense or subject matter, the objection that it has no jurisdiction of the person of the accused may be waived. Moreover, one who desires to object to the jurisdiction of the court over his person must appear in court for that purpose only and such objection must be timely made and is waived when accused fails to raise the same by timely and proper plea or where he

appears generally and submits to arraignment without objection or where he enters a plea of guilty to a charge as made in the information, or where the defendant is charged by misnomer or a name other than his true name. Moreover, one accused of crime who fails to make timely objection to irregularities in preliminary matters or procedure, waives such objection. 22 C.J.S. Criminal Law § 161, pp. 257, 258, 259. These principles are abundantly supported in the text by citation of authorities.

An early case from Oklahoma on the question of jurisdiction is that of Armstrong v. State, 35 Okl.Cr. 116, 248 P. 877, 878, wherein the Court said:

"Jurisdiction of the subject-matter cannot be conferred by consent, nor can it be waived, and it may be raised at any time before or after trial, and even for the first time in the appellate court. (Citations omitted.)

"Jurisdiction of the person however, is an entirely different matter. It may be acquired by the arrest of a defendant upon a warrant, or it may be acquired by a voluntary submission of a defendant to the jurisdiction of the court, or it may be acquired by a legal arrest of a defendant without a warrant. * * * The presumption is that the proceedings in courts of record are regular, and the burden to show clearly the irregularity complained of is on one who questions such proceedings. (Citations omitted.)

"The filing of an unverified motion by a defendant at the time of his arraignment, making the bare statement that the court has no jurisdiction of his person, without specifying any ground for lack of jurisdiction and without tendering any proof in support of such allegation, is not sufficient to overcome the presumption of regularity."

In the case of Crim v. State, 68 Okl.Cr. 390, 99 P.2d 185, 187, the prosecution was conducted against the defendant as Zora Crim, rather than her true name of Zora Smith.

The court construed the provisions of 22 O.S.1951 § 403, supra, and stated:

"The purpose of this statute is to furnish a proper and complete identification of the accused and to enable a correct record of the proceedings to be made. In this case, however, the identity of the defendant as being the person against whom the information is directed is unquestioned. This omission by the court does not affect the guilt or innocence of the defendant and cannot possibly in any manner be said to have deprived her of any of her substantial rights. A verdict supported by competent evidence should not be reversed for mere irregularities or technicalities where there is no showing that the defendant has been prejudiced thereby."

Such is the situation in the case at bar.

In Benton v. State, 24 Ala.App. 441, 136 So. 428, 429, it was held that the jurisdiction of the defendant's person may be conferred by consent and that the misnomer in the indictment of defendant cannot be first presented on appeal. In the body of the opinion it appears that the defendant was charged by his initials only, which was subject to a plea in abatement. The court said in passing on this question:

" * * *, in the case at bar, the defendant failed to avail himself of this privilege or legal right; and as jurisdiction of the person may be conferred by consent, his failure to file such plea must be construed here, as far as this trial is concerned, as his having consented that he be tried upon the indictment as framed. The question cannot for the first time be presented upon appeal."

In the annotation in 132 A.L.R. at page 413 where the question of the time for raising objection for misnomer of defendant in the indictment or information was under consideration, Rosenbaum v. State, 138 Tex. Cr.Rep. 616, 138 S.W.2d 107, is cited in stating:

"It appeared that the complaint and information charged 'Harry Rosenbaum' with unlawfully carrying a pistol; that the judgment and sentence referred to appellant as Harry Rosenbauer; that upon a reading of the state's pleading appellant pleaded not guilty, and made no suggestion of a misnomer; that a jury was waived and the matter presented to the court; that appellant was assessed a fine of $100.-00; and that appellant under the name of Rosenbauer filed a motion for a new trial. In overruling the present motion for rehearing, the court said: 'Under Art. 495 et seq. Code Crim.Proc., if there is no suggestion made by the defendant as to a mistake in his true name, the trial shall proceed in the name set forth in the indictment or information. We have heretofore held . . . as follows: "In regard to the suggestion that defendant was not indicted in his true name, this is immaterial. Under articles 548 (now 495) and 549 (now 496) Code Crim.Proc. he had a right to suggest his true name when the case was called for trial. Not having done so, he cannot for the first time complain in this court." ' To the same effect, see Pitts v. State (1924) 19 Ala.App. 559, 99 So. 51; Du Bose v. State (1924) 19 Ala.App. 630, 99 So. 746 (later appeal in (1924) 20 Ala. App. 193, 101 So. 911, writ of certiorari denied in (1924) 212 Ala. 190, 101 So. 912); Benton v. State (1931) 24 Ala. App. 441, 136 So. 428; Kinkead v. State (1911) 61 Tex.Cr.Rep. 651, 135 S.W. 573."

██ It is apparent under the foregoing authority that the petitioner herein is not now in a position to raise the objection as to the misnomer in the information. Timely objection would have made this contention available to him and the trial court would have caused an amendment in the information. 22 O.S.1951 § 403, supra. But, in view of the facts that he entered a plea of guilty while charged as George Alexander and does not now deny his identity as the proper person charged with the commission of the offense, his plea of guilty binds him under the judgment. However, under the authority of 22 O.S.1951 § 403, the Warden of the State Penitentiary is directed to show that James Ples Duty and James P. Duty are one and the same person as George Alexander.

██ All the other matters and things pled in the petition having occurred prior to the time of the entry of the plea, were waived. On the question of whether he was in his right mind at the time the plea of guilty was entered, it has been repeatedly held:

"After judgment has become final, the question of defendant's insanity at the time of the commission of the crime or at the time of trial cannot be raised on habeas corpus."

Ex parte Yandell, 54 Okl.Cr. 357, 22 P.2d 114; Ex parte Gilbert, 71 Okl.Cr. 268, 111 P.2d 205. Moreover, such matters could have been properly reached only by appeal, and may not now be asserted in a petition for habeas corpus, since, as we have repeatedly held, habeas corpus is not a substitute for appeal. Ex parte Parrott, 97 Okl.Cr. 8, 256 P.2d 462; Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189. In the latter case, we held only jurisdictional matters may be inquired into on habeas corpus. A petitioner cannot retry the issues by habeas corpus. Ex parte Giles, 97 Okl.Cr. 292, 262 P.2d 909.

██ Herein, the trial court had jurisdiction of the person, the subject matter, and authority to pronounce the judgment and sentence rendered, and nothing occurred to deprive the trial court of jurisdiction. No other elements were necessary for a valid judgment. Only where the record and evidence reveals the judgment is void will relief be granted by habeas corpus. Ex parte Murray, 97 Okl.Cr. 14, 257 P.2d 327.

Writ denied.

POWELL and NIX, JJ., concur.