Billy KILLION, Petitioner,

v.

Paul A. WALKER, Jr., Judge of the Court of Common Pleas, Division No. 3, Tulsa County, Oklahoma, Respondent.

No. A–12664.

Criminal Court of Appeals of Oklahoma.

Jan. 7, 1959.

Charles Gerald Pope, Tulsa, for petitioner.

Harry D. Moreland, Tulsa, for respondent.

POWELL, Judge.

Court-appointed counsel for Billy Killion, a minor, over 16 years but under 18 years of age, seeks a writ of mandamus requiring and compelling Paul A. Walker, Jr., the duly appointed, qualified and acting judge of the court of common pleas, division three, Tulsa County, Oklahoma, to transcript said minor to juvenile court, it there to be determined whether or not said court should retain jurisdiction or certify such child as a child capable of knowing, and to be held accountable for, his acts, for proper criminal proceedings to any court which would have trial jurisdiction of such offense if committed by an adult.

In the petition it is set out that the said minor is charged in preliminary information filed in the court of common pleas, division three, of Tulsa County, Paul A. Walker, Jr., Judge, acting as an examining magistrate, with two felonies, to wit: murder and kidnapping.

It is contended that the examining magistrate has no discretion but to transcript the cases to the juvenile court for a hearing of accountability, but that the respondent has failed and refused to follow the provisions of Title 20 O.S.1951 § 774.

The respondent has filed proper pleading in which he prays that this court issue an order overruling petitioner's application for writ of mandamus, and for supporting grounds, says:

"(1) That Title 20 O.S.A. [§§] 771–776 is unconstitutional in that it is a special law violative of the Constitution of the State of Oklahoma and the Fourteenth Amendment to the Constitution of the United States of America with regard to purported jurisdiction on males between ages of sixteen and eighteen.

"(2) That said sections are unconstitutional in that the Act purports to apply only to 'children living within Tulsa County' and is therefore violative of the equal protection of the laws.

"(3) That said sections of said Statute are unconstitutional in that they are violative of the requirement of the Oklahoma and Federal Constitutions with regard to a public jury trial.

"(4) That said sections are unconstitutional in that they violate the due process provisions of the Constitution of Oklahoma and the Federal Constitution.

"(5) That respondent, in his official and public capacity, is under the duty

to inquire into his jurisdiction and under the sworn duty to uphold the Constitution of the State of Oklahoma and the Constitution of the United States of America, and that any act violative thereof would be in violation of said sworn duty."

After oral argument the parties were given time to and have filed briefs in support of their respective positions.

Special juvenile courts, as such, were first established in Oklahoma by the Act of the 1949 Legislature, S.L.1949, p. 194, § 1, and applied to all counties having a population of 100,000 or more, and less than 244,000. The Act was amended in 1951, House Bill No. 486, S.L.1951, p. 50, § 1, and the official copy of the House Bill filed with the Secretary of State, shows that the Act as amended was to apply to all counties having a population of 100,-000; and less than 300,000. Thus the Act would apply to only two counties in Oklahoma, to wit: Oklahoma and Tulsa counties, and with no possible inclusion of other counties, due to sufficient increase in population, in the foreseeable future.

Prior to the act in question, then, the county courts of Oklahoma had exclusive jurisdiction of handling juvenile cases (10 O.S.A.1951 §§ 101–112) and still do except in the two counties mentioned, as provided in 20 O.S.A. §§ 771–851.

It has been noted that the respondent judge of Division No. 3, of the court of common pleas of Tulsa County, was acting in this case in the capacity of an examining or committing magistrate. When the evidence developed that the minor charged with the commission of the two felonies stated, was shown to be above the age of 16 years, but under 18 years of age, the first presented was the question whether it was the ministerial duty of the court, in the absence of the question at the time having been passed on by the Supreme

Court of Oklahoma or the Criminal Court of Appeals, to transcript the case to the juvenile court, as provided by 20 O.S.A. § 774, or did the court have the authority on his own initiative to determine the constitutionality of sections 771–778 of said Title.

██ There is authority that the function of a committing magistrate is judicial in nature, rather than ministerial. State v. Rogers, 31 N.M. 485, 247 P. 828, 833; State ex rel. Daniel v. Kizer, 164 S.C. 383, 162 S.E. 444, 81 A.L.R. 722. But the acts of the judge in issuing warrant of arrest is ministerial in nature. Allen v. Holbrook, 103 Utah 319, 135 P.2d 242, 248. And the entering of a judgment on its docket after it has been rendered, would be a ministerial act. Darvick v. Darvick, Sup., 36 N.Y.S. 2d 58.[1]

█ This court is in agreement that an examining magistrate on his own initiative may inquire as to his jurisdiction in a particular case, as, for example, where a complaint for violation of the prohibitory liquor laws is filed in the county court, if the charge is for a first offense, the case would be tried in the county court (37 O.S. 1951 § 1 et seq.), but if for a second and subsequent offense, a felony, then the county judge could act only as an examining magistrate and determine if probable cause shown, and if so, certify the case to the district or other court having jurisdiction to try felony cases. 37 O.S.1951 § 12; Tucker v. State, 14 Okl.Cr. 54, 167 P. 637; State v. Windell, 14 Okl.Cr. 77, 167 P. 640; Armstrong v. State, 35 Okl.Cr. 116, 248 P. 877.

But in the within case where neither the State nor the defendant raised the issue, a serious question is presented as to the duties and authority of the judge of the common pleas court of Tulsa County, acting as a committing magistrate, for at the time of the ruling complained of neither the Supreme Court of Oklahoma nor the Crim-

1. See Words & Phrases, Vol. 27, Ministerial Officer; Vol. 23, Judicial Officers; and Black's Dictionary, for definitions; Stiebitz v. Mahoney, 20 Conn.Sup. 129, 126 A.2d 148, 151; McCarten v. Sanderson, 111 Mont. 407, 109 P.2d 1108, 1112, 132 A.L.R. 1229.

inal Court of Appeals had held unconstitutional the provisions of 20 O.S.1951 § 774 as applied to male juveniles over 16 and under 18 years of age. There is strong argument that, under such facts, the examining magistrate should have transcripted the case to the juvenile court.

The issue as to the constitutionality of the statutory provisions, 20 O.S.A. §§ 771–776, had been raised in the Supreme Court of Oklahoma prior to the filing of the within petition in this court, and was on December 16, 1958 resolved by the Supreme Court in two cases, being No. 37,-953 and 38,173, consolidated, Anderson v. Walker, Okl., 333 P.2d 570, 572. The reasoning in the decided consolidated cases is highly persuasive and it is the policy of this court, under such a situation, to follow the holding of the Supreme Court.

Such being the circumstance, it is not now necessary to determine whether the examining magistrate had authority on his own initiative to declare statutory provisions unconstitutional or not.

If the within case were just now for the first time coming on to be heard by the judge of division No. 3, court of common pleas of Tulsa County, there would be no question but that it would be his duty to hold a preliminary hearing, rather than transcript the case to the juvenile court of Tulsa County. So the question of that court's right to declare the statutory provisions in question violative of the Oklahoma Constitution is not now an issue.

The Supreme Court of Oklahoma in Anderson v. Walker, supra, in paragraph 3 of the syllabus, said:

"Statutes creating additional courts upon a population basis which cover some of the counties of the state and exclude others, and in parts of certain sections of said statute provide treatment as to individual residents of said counties covered, different from the treatment provided for same individuals if residents of counties excluded, and different from the treatment provided under our general laws for said individuals, are to that extent arbitrary and capricious, and in violation of the provisions of the Constitution of Oklahoma, Art. 5, Sections 32, 46 and 59, and said parts of sections are invalid. However, such construction does not affect the validity of those parts of the act or sections thereof which do not provide for such discrimination when a saving clause is included in said act."

And in the body of the opinion the court said:

"Where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some particularity in the subject matter calling for the legislation, as between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and which furnishes a practical and real basis for discrimination. Roberts v. Ledgerwood, supra [134 Okl. 152, 272 P. 448].

"Section 850, Title 20, O.S.1951, as amended provides:

" 'If any section, subdivision or clause of this Act shall be held to be unconstitutional or invalid, such decision shall not affect the validity of the remaining portions of the Act.'

"Therefore, it is the opinion of this court, and we so hold, that section 771 of said title is valid and complies with the constitutional requirements of our state. However, we are of the opinion, and so hold, that sections 772 to 774, inclusive, of Title 20 O.S.1951, as amended, are unconstitutional as to those portions which provide for treatment concerning male persons over the

age of sixteen (16) years, and under the age of eighteen (18) years."

As already stated, it has been the policy of this Court throughout its history, where the constitutionality of a statute has received the attention of the Supreme Court of Oklahoma for this Court to adopt such interpretation, where that court's construction was in pursuance of jurisdiction conferred by the Constitution of Oklahoma.

We think the reasoning in the above cited case irrefutable, and that the conclusion reached a correct one, and the same is here adopted. The case may be referred to for detailed treatment of the issues.

Writ denied.

BRETT, P. J., and NIX, J., concur.