In re Habeas Corpus of Jerry
Lewis THOMAS.
No. A–13234.

Court of Criminal Appeals of Oklahoma.
June 13, 1962.

891

John E. Green, Oklahoma City, for petitioner.

James H. Harrod, County Atty., John M. Amick, Asst. County Atty., for respondent.

BUSSEY, Judge.

This is an original proceeding instituted by the petitioner, Jerry Lewis Thomas, to secure his release from confinement in the County Jail of Oklahoma County, where he is confined in lieu of posting bond pending a preliminary hearing upon a charge of Burglary in the Second Degree.

It is urged by the petitioner that his confinement is illegal and unlawful by reason of the fact that he is a juvenile of the age of sixteen years and has not been certified by the Children's Court of Oklahoma County to be tried as an adult.

He further argues that in the absence of certification by the Children's Court of Oklahoma County, the criminal courts are without authority to entertain jurisdiction over the person of the accused, and that the order committing him to the custody of the sheriff in lieu of posting bond pending preliminary hearing is void.

This matter was set for oral argument on the 10th day of May, 1962, and it was submitted on argument of counsel, who were given additional time to prepare and file briefs in this cause.

Under the general law of the State of Oklahoma, any male person who has attained sixteen years of age is triable for any criminal offense by him committed in the same manner and under the same criminal procedure as any other adult; and the jurisdiction in such cases is vested in the criminal courts of Oklahoma.

It is argued by the petitioner that under the provisions of Title 20 Okl.St.Ann. §§ 861 through 864, inclusive, jurisdiction over male and female persons under the age of eighteen years residing in Oklahoma County, Oklahoma, who have violated any of the laws of the State, is vested in the Children's Court of Oklahoma County, and that the criminal courts may not acquire jurisdiction over such persons unless they are certified by the Children's Court in the manner set forth under Title 20 Okl.St.Ann. § 866.

We believe that the principle of law annunciated in Anderson v. Walker, Okl., 333 P.2d 570 and cited with approval by this court in Killion v. Walker, Okl.Cr., 334 P.2d 454 is decisive in regard to the question herein raised.

In the cases above referred to, our courts held unconstitutional the provisions of our

statutes which vested the exclusive jurisdiction over males between the ages of sixteen and eighteen years for violation of state laws in the juvenile courts of counties having a population of 100,000 or more and less than 300,000.

In Anderson v. Walker, supra, the Supreme Court of Oklahoma, speaking through the Honorable Chief Justice Welch, stated:

"In the case of Haas v. Holloman, Okl., 327 P.2d 655, 656, we recently held:

" 'In order for a law to be general in its nature and to have uniform operation, it is not necessary that it shall operate upon every person and every locality in the state. A law may be general and have a local application or apply to a designated class if it operates equally upon all the subjects with(in) the class for which it was adopted. But, where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject-matter calling for the legislation. As between the persons and places included within the operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and that furnishes a practical and real basis for discrimination.'

"We have been unable to find any distinctive characteristic upon which a different treatment may be reasonably founded for delinquent male persons between the ages of sixteen (16) and eighteen (18) years of age, residents of counties covered by said act, and of those, residents of counties excluded by said act. The difference in population has been held sufficient for the establishment of courts in counties within certain minimum and maximum population. However, we are of the opinion that this characteristic cannot be considered as a distinction by which a different treatment may be founded in said age group. There does not appear in this act any fixed basis for such discrimination and no good reason why all male persons between the ages of sixteen (16) and eighteen (18) years of age within the state should not be subject to the same laws, and the same treatment in the execution thereof.

\*  \*  \*  \*  \*  \*

"In Roberts v. Ledgerwood, 134 Okl. 152, 272 P. 448, 449, we held:

" 'Where an act of the Legislature excepts from the operation of the general laws of this state one or more counties without any fixed basis for such discrimination, and no good reason is shown why all should not be subject to the same rule, it is invalid under section 59, art. 5, of the state Constitution, which provides laws of a general nature shall have uniform operation throughout the state.' Also see Hudgins v. Foster, 131 Okl. 90, 267 P. 645; Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 635, etc.

"In view of the above authorities, we are of the opinion that the population which is the only distinction here shown, is insufficient to constitute a good or sound reason as to why delinquent persons in counties so designated here should receive one kind of treatment, and delinquent persons of the same classification in other counties be subjected to a different treatment. Such so called classification is wholly insufficient to establish the sections of this act which purport to afford different treatment than that provided under our general laws for delinquents, as a general law having a 'uniform operation throughout the state.'

"Where a statute operates upon a class, the classification must not be capricious or arbitrary and must be reasonable and pertain to some peculiarity in the subject matter calling for the legislation, as between the persons and places included within the

operation of the law and those omitted, there must be some distinctive characteristic upon which a different treatment may be reasonably founded and which furnishes a practical and real basis for discrimination. Roberts v. Ledgerwood, supra."

The logic and reasoning of the Supreme Court of Oklahoma adduced in Anderson v. Walker, supra, is applicable with equal force and effect to the sections of Title 20 of the Oklahoma Statutes relating to the establishment of a Children's Court in Oklahoma County, and we adopt the principles of law stated in the said case as controlling in the instant cause.

We are therefore of the opinion that population, which is the only distinction which can be found upon which there is discrimination between counties in regard to treatment of delinquent children, is insufficient a distinction to constitute a sound basis for such discrimination or a good reason why all male persons between the ages of sixteen and eighteen years of age within the state should not be subject to the same laws and the same treatment in the execution of such laws.

Since the classification is an arbitrary one and does not afford a sound basis upon which different treatment within the said class may reasonably be founded, we believe, and so hold, that sections 862, 863, 864, and 866 of Title 20 of the Oklahoma Statutes, are unconstitutional as to those portions which provided for treatment concerning male persons over the age of sixteen (16) years, and under the age of eighteen (18) years.

However, since section 48 of Senate Bill Number 94 as enacted by the 1957 Legislature, Laws 1957, p. 160, provides that:

> If any section, subdivision or clause of this Act shall be held to be unconstitutional or invalid, such decision shall not affect the validity of the remaining portions of the Act.

it is our opinion that Section 861 of said title is valid and complies with the constitutional requirements of our state.

For the reasons above set forth, we are of the opinion, and so hold, that certification of petitioner as an adult by the Children's Court of Oklahoma County was not required; that, therefore, his confinement is not illegal or unlawful by reason of the lack of such certification, and that the criminal courts of Oklahoma County have jurisdiction of the person of the accused.

Writ denied.

NIX, P. J., and BRETT, J., concur.