LaVon EVANS, Petitioner,

v.

Phillip LAMBERT, Judge of the Municipal
Court of Record, Oklahoma City,
Oklahoma, Respondent.

No. A–13979.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1966.

As Corrected Sept. 15, 1966.

Jess Horn, Oklahoma City, for petitioner.

Roy H. Semtner, Municipal Counselor, Todd W. Markum, Asst. Municipal Counselor, for respondent.

BUSSEY, Presiding Judge.

LaVon Evans was charged by the City Police of Oklahoma City on February 8, 1966, with the offense of Driving While Under the Influence of Alcohol, allegedly occurring on the 5th day of February, 1966. Petitioner filed a Motion for Jury Trial and submitted a written brief in compliance with the order of the Municipal Court and thereafter, on the 30th day of March, 1966, said Motion for Jury Trial was overruled and the court ordered the Petitioner to trial on April 25, 1966, which was thereafter continued to April 27, 1966, to be tried without a jury. On the 26th day of April, 1966, LaVon Evans filed an application for this Court to assume jurisdiction and issue an Order prohibiting the Honorable Phillip Lambert, Judge of the Municipal Court of Record of Oklahoma City, Oklahoma, from trying said Petitioner without a jury in the Municipal Court of Record of Oklahoma City, Oklahoma, Case No. 287. This Court issued an Order staying further proceedings in said cause until a determination of the issue here presented could be made.

In oral argument and in her brief, Petitioner contends that she has a constitutional right to a jury trial. In his Response and brief in support thereof, it is the position of the Honorable Phillip Lambert that a person charged with a violation of a city ordinance, the punishment for which does not exceed a fine of $20.00, does not have a constitutional right to a jury trial. We here take note that the statute authorizing the creation of the Municipal Court of Record and defining its jurisdiction, further authorizes the city to provide jury trials for persons charged in said court and provides for a direct appeal to the Court of Criminal Appeals. Apparently the city has not enacted ordinances implementing the jury provision. The Respondent correctly contends that a person charged with the violation of city ordinances, the punishment for which does not exceed $20.00, does not have a constitutional right to a jury trial. Ex parte Johnson, 20 Okl.Cr. 66, 201 P. 533. However correct this contention may be, it is not determinative of the issue here presented. Title 11, O. S. § 752 provides:

"In all cases before a municipal court, except a judgment rendered on confession, an appeal may be taken by the defendant to the county court, except in counties having courts of common pleas, in which cases the appeals from a municipal court shall be taken to the court of common pleas of such county, where the trial thereof shall be had de novo on questions of both law and fact."

This statute is a general statute and applies throughout the state, except where the statute specifically provides for appeals and trials de novo in District Courts. The Act creating the Municipal Court of Record of Oklahoma City is patterned after that which created the Municipal Criminal Court of the City of Tulsa, where jury trials are provided. It thus appears that in all the other counties of the state wherein Municipal Courts are situate, a jury trial is provided

either in the Municipal Court, or in a trial de novo on appeal. To adopt the Respondent's position that persons charged with a violation of municipal ordinances in Oklahoma County are not entitled to the same rights and privileges as those provided our citizens in the other 76 counties, would be contrary to the provisions of Article V, Section 59 of the Oklahoma Constitution, which provides:

> "Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted."

In construing this provision, this Court stated:

> "Statutes creating additional courts upon a population basis which cover some of the counties of the state and exclude others, and in parts of certain sections of said statute provide treatments as to individual residents of said counties covered, different from the treatment provided for same individuals if residents of counties excluded, and different from the treatment provided under our general laws for said individuals, are to that extent arbitrary and capricious, and in violation of the provisions of the Constitution of Oklahoma, Art. 5, Sections 32, 46 and 59, and said parts of said sections of the statutes are invalid."

See In re Thomas, Okl.Cr., 372 P.2d 890 and cases cited therein.

[redacted] We are of the opinion and therefore hold that when a person is charged with a violation of municipal ordinances in the Municipal Court of Record of Oklahoma City, he has the same right to a jury trial as accorded all other residents of Oklahoma under the provisions of 11 O.S. § 752. The Order heretofore issued staying all proceedings in the Municipal Court of Record of Oklahoma City, Case No. 287, is hereby extended until such time as a jury trial is provided for the Petitioner. The Writ prayed for is accordingly granted.

NIX and BRETT, JJ., concur.