## ORVILLE HENDERSON v. STATE.

No. A-9382.    Dec. 17, 1937.
(74 P. 2d 623.)

Mathers & Mathers, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

PER CURIAM. This is a purported appeal from the county court of Grady county, Okla., rendered on a verdict and judgment finding the defendant, Orville Henderson, guilty of transporting intoxicating liquor and fixing his punishment at a fine of $50 and confinement in the county jail for 30 days.

The state appeared specially for the purpose of filing a motion to dismiss the purported appeal, and as grounds for its motion it states:

"As shown by the record said appeal was not perfected and filed in this court within the time required by section 3192, Okla. Stats. 1931 [22 Okla. St. Ann. § 1054.]."

Section 3192, O. S. 1931, 22 Okla. St. Ann. § 1054, in part is as follows:

"In misdemeanor cases the appeal must be taken within 60 days after the judgment is rendered: Provided,

however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding 60 days."

The record shows that the defendant was convicted and sentenced on the 19th of June, 1937; and that on said date was granted 30 days within which to make and serve case-made; and on the 17th of July, 1937, was granted an additional 30 days' extension to make and serve case-made. There was no time fixed in the order of extension fixing the date when the appeal should be filed in this court. The purported case-made was not filed in this court until August 31, 1937, which was more than 60 days from the date of judgment.

No response has been filed to the motion of the state to dismiss the purported appeal. The extension of time granted the defendant by the court to prepare and serve a case-made had expired. Where the record for an appeal is not filed in this court until the expiration of the time allowed by law for taking an appeal, this court does not acquire jurisdiction and the purported appeal will be dismissed. Easterwood v. State, 38 Okla. Cr. 298, 260 Pac. 789.

The motion of the state to dismiss the purported appeal is sustained, and the appeal dismissed.