**Application of Hubert BALES, for Writ of Habeas Corpus.**

**No. A–12270.**

Criminal Court of Appeals of Oklahoma.

Feb. 21, 1956.

Hubert Bales, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Petitioner alleges that he is confined in the State Penitentiary at McAlester by reason of a judgment entered in the district court of Tulsa County on January 5, 1955, wherein he was tried before the court without a jury and sentenced to serve a term of ten years imprisonment for the alleged crime of second degree burglary, second offense.

Petitioner seeks his release by way of a writ of habeas corpus based on two propositions:

(1) That he was deprived of his right to appeal by reason of the failure of his counsel to perfect his appeal after he had been paid money to obtain a record of the proceedings, and after counsel had agreed to perfect an appeal.

(2) That his conviction was in violation of Art. II, § 7, Const.Okla., O.S.1951, in that the evidence on which his conviction was based was obtained by an illegal search.

As we have so often pointed out, the function of the Criminal Court of Appeals in a habeas corpus proceeding is not to determine the guilt or innocence of petitioner of crime for which he was sentenced, but only to determine whether he is restrained of his liberty by due process of law, and whether the court which rendered judgment imposing sentence was without jurisdiction. Winchester v. Waters, 97 Okl.Cr. 337, 263 P.2d 535. Also that the burden of establishing the allegations of the petition in habeas corpus is on the petitioner, and that habeas corpus can not be substituted for an appeal. Ex parte Giles, 97 Okl.Cr. 292, 262 P.2d 909.

Defendant was represented at trial by an attorney of his own choosing, one with long experience in the trial and appeal of criminal cases. And while no proof has been presented of negligent or improper representation, if such should be the fact, still such would not be a ground for a reversal of the conviction of the petitioner. If such were the rule, there would be no end of claims by persons convicted of crime.

Where an attorney, if such should be a fact, takes money from a client and does not use it for the purpose agreed, the client has a remedy against his attorney, but not in the manner herein sought.

The writ must be and is denied.

JONES, P. J., and BRETT, J., concur.