Carl A. **WILLIAMS**, Petitioner,

v.

Honorable George **WINDHAM**, Judge of the District Court of LeFlore County, Oklahoma, Respondent.

No. A–13511.

Court of Criminal Appeals of Oklahoma.

May 27, 1964.

Carl A. Williams, petitioner, pro se.

George Windham, Judge of the District Court of LeFlore County, Poteau, respondent.

JOHNSON, Presiding Judge.

On April 24, 1964 the petitioner, Carl A. Williams, filed in this Court application for writ of mandamus, seeking an order of the Court directing the Hon. George Windham, judge of the district court of LeFlore County, Oklahoma, to enter an order directing the court reporter to prepare a casemade at public expense in district court case No. 4604.

In that case this petitioner was convicted of the crime of larceny of live stock, after former conviction of a felony, and sentenced to serve six years in the state penitentiary. Judgment and sentence was entered March 3, 1964.

In the original case petitioner filed his motion for new trial and gave notice of his intention to appeal to this Court, and asked for an extension of time in which to prepare, serve and settle casemade for appeal. The trial court, after entering an order overruling the motion for new trial, entered an order granting the defendant an extension of thirty days in which to prepare casemade for appeal.

Title 12 O.S.A. § 958 provides that a casemade shall within fifteen days after the judgment is rendered, be served on the county attorney, who shall have three days thereafter to suggest amendments, the casemade to be signed and settled on three days notice; and further provides that the trial court may extend such time, in his discretion. From the record before us, no further extension of time was granted in the case under consideration, nor was a request therefor made until May 6, 1964. Taking the most liberal view, conceding that defendant had thirty days after the expiration of the fifteen days provided by statute, his time for serving casemade expired on April 18, 1964.

■■■ This Court has repeatedly held that while an appeal may be taken by an accused as a matter of right from a judgment of conviction, the manner in which an appeal can be taken is mandatory.

■ In Miller v. Oklahoma, District Court of Tulsa County, Okl.Cr., 379 P.2d 708, this Court said:

"A timely application for a casemade or transcript at public expense must be filed in the trial court a sufficient length of time prior to the expiration of the time within which to appeal to the Court of Criminal Appeals in order to allow the trial court reporters sufficient time in which to prepare said casemade."

Judge Windham duly filed a response to the petition herein, in which he states:

"Respondent further alleges and states that neither said defendant or his attorney applied to the district court of LeFlore County, Oklahoma, in writing, or in any other manner, requesting that a casemade be prepared at the expense of LeFlore County, Oklahoma."

■ It has been the consistent holding of this Court that a casemade must be served on the county attorney within the time provided by the order of the trial court, and that a casemade for appeal not served upon counsel for the State within the time provided is a nullity. Hoofer v. State, 82 Okl.Cr. 237, 164 P.2d 247, 168 P.2d 313; Sloan v. State, Okl.Cr., 366 P.2d 967.

■ Furthermore, Tit. 20 O.S.A. § 111 reads in part:

"Provided further, however, that if, before a transcript of the notes is ordered on application of the defendant or his attorney, the defendant shall present to the Judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same, the court may, at its discretion, order the transcript made at the expense of the county."

This Court has held that under this provision of the statute it is necessary for one

convicted of crime to make timely application to the trial court for a transcript, or casemade, at the expense of the county, and make proper proof of his inability to pay for the same before this Court will take action thereon.

As shown by the response on file, no application for casemade at the expense of the county was made by this petitioner.

 In view of the record before us, it is abundently clear that the petitioner's application to this Court for casemade at public expense must be denied, and that the Court is without authority to issue the writ of mandamus.

It is so ordered.

BUSSEY and NIX, JJ., concur.