Delmar J. GRUBBS, Petitioner,

v.

Hon. W. Lee JOHNSON, Judge of the District Court, Tulsa County, Oklahoma, Respondent.

No. A–13551.

Court of Criminal Appeals of Oklahoma.

July 22, 1964.

Delmar J. Grubbs, pro se.

BUSSEY, Judge.

On the 8th day of July, 1964, the petitioner, Delmar J. Grubbs, filed an application for Mandamus, directing the Hon. W. Lee Johnson, Judge of the District Court of Tulsa County, Oklahoma, to enter an order directing the court reporter to prepare a casemade at public expense in District Court Case No. 20505.

Thereafter, an order to show cause was issued. This matter was set for hearing on the 15th day of July, 1964, and submitted on the application and response of the respective parties.

From the record before us it appears that: The defendant Delmar J. Grubbs, charged with Robbery with Firearms, After A Former Conviction of a Felony, to-wit: Robbery with Firearms in 1960, in case number 20505 in the District Court of Tulsa County, Oklahoma, and being represented by counsel Robert B. Ardis, a public defender, and having waived trial by jury, was tried to the Court on April 15, 1964, and was found guilty as charged. Sentence was passed to April 21, 1964. After sentence was imposed, defendant's counsel gave notice of intention to appeal and bond was set at $25,000.00. No time was requested and none was granted to extend the time for making, serving and settling casemade. The defendant thereupon became entitled to the statutory 15–3–3 days as provided in Title 12, § 958 O.S.1961, or until May 6, 1964, to procure and serve casemade. No casemade was ordered and served within said time. On June 29, 1964, an instrument, entitled "Application in Forma Pauperis" was filed by the Court Clerk of Tulsa County, Oklahoma in this case.

The trial court denied the unverified application for casemade filed on June 29, 1964, in an order entered by said Court on the 30th day of June, 1964, relying as he did so upon provisions of Title 20, O.S. § 111, (1961) and the recent decision of this Court in Williams v. Windham, Okl.Cr., 392 P.2d 764.

We have carefully examined the record and it appearing to the Court that no extension of time beyond the statutory, time, provided under Title 12, O.S. § 958, was ever requested by defendant, nor was a request for casemade at public expense filed within said statutory time, nor was a casemade ordered and served within said time.

We are of the opinion that the trial court properly denied petitioner's application under the authority of Williams vs. Windham, supra, and authorities cited therein.

The relief prayed for is denied.

JOHNSON, P. J., concurs.

NIX, J., note participating.