**Delmar J. GRUBBS, Petitioner,**

**v.**

**The STATE of Oklahoma, Respondent.**

**No. A–13602.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1964.

Delmar J. Grubbs, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge.

On the 4th day of November, 1964 Delmar J. Grubbs filed in this court an instrument denominated "Petition for Writ of Error Coram Nobis." Thereafter, a response and motion to dismiss was duly filed by the State of Oklahoma and this matter was submitted on the petition and response.

We observe at the outset that although denominated "Petition for Writ of Error Coram Nobis," the allegations and prayer for relief amount to an application for a petition for writ of habeas corpus and do not comport with the requirements of an application for writ coram nobis. See Hendricks v. State, Okl.Cr., 297 P.2d 576. We observe further that most of the propositions raised by the petitioner were passed on adversely to petitioner in Grubbs v. Johnson, Okl.Cr., 394 P.2d 540. This being true there remains only the unsupported allegation that the petitioner's court appointed counsel was incompetent and did not protect said petitioner in the nonjury trial conducted before the Hon. W. Lee Johnson one of the District Judges of Tulsa County in District Court Case No. 20505 on the 15th day of April, 1964.

We have repeatedly held:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveal that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus." Ex parte Seale, 75 Okl.Cr. 183, 129 P.2d 862.

Moreover, we observe that petitioner's court appointed counsel is a duly licensed member of the Oklahoma Bar qualified by training and experience to protect the rights of an accused in criminal proceedings. We therefore hold that this unsupported allegation of the petitioner is without merit.

On the record before us we are of the opinion that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the sentence imposed and we accordingly hold that the relief prayed for should be, and the same is hereby denied. Writ denied.

JOHNSON, P. J., and NIX, J., concur.