**Delmar J. GRUBBS, Petitioner,**

v.

**The STATE OF OKLAHOMA, and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.**

**Civ. No. 5758.**

United States District Court
E. D. Oklahoma.
April 12, 1965.

David Petty of Arnote, Bratton & Allford, McAlester, Okl., for Delmar J. Grubbs.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl., for the State of Oklahoma.

DAUGHERTY, District Judge.

The petitioner in this case was granted leave by the Court to proceed in forma pauperis and file an instrument herein designated a Petition for Writ of Error Coram Nobis. This Court appointed counsel herein for the petitioner and held an evidentiary hearing on the petition. The petitioner testified and called as a witness in his behalf a public defender who represented the petitioner in the state court. The petitioner offered four exhibits in evidence. The defendants offered no witnesses or exhibits.

From the testimony presented by petitioner and the contents of his brief it appears his complaints are actually matters to be dealt with as habeas corpus questions. The State takes this position in its brief. Accordingly, the Court will so treat the petition herein.

The petitioner presents two complaints, first, that he was denied the competent and effective assistance of counsel at his non-jury trial in the state District Court, and second, that he was denied his constitutional right of appeal from his state court conviction and sentence by reason of ineffective counsel on appeal resulting in his failure to obtain necessary time extensions, a transcript of his state court record at state expense, and have an appeal thereon perfected in the appellate court with the aid of effective appellate counsel.

The respondents deny these contentions.

Petitioner has exhausted his state remedies. See Grubbs v. Johnson, Okl.Cr., 394 P.2d 540, and Grubbs v. State, Okl. Cr., 397 P.2d 522.

■ Regarding the first complaint, it is the judgment and decision of the Court that the evidence presented by the petitioner fails to support this contention of petitioner. It appears that the petitioner was an indigent person at all times inasmuch as he was represented throughout by public defenders of Tulsa County, Oklahoma. It seems that two public defenders appeared for petitioner at various times. The petitioner was represented by a public defender at his arraignment on February 3, 1964, in Common Pleas Court. Again the petitioner was represented by a public defender at his preliminary hearing held on February 10, 1964. At this hearing the State put on five witnesses who were cross examined by petitioner's counsel. At the close of the State's evidence, petitioner's counsel demurred to the evidence and the same was overruled and the petitioner was bound over to the District Court for trial. On February 19, 1964, the defendant was arraigned in District Court and again was represented by a public defender. At this time the petitioner entered a plea of not guilty and the case was set on the April jury docket. On April 7, 1964, the petitioner, again represented by a public defender, appeared before the District Court and waived a jury trial, the petitioner signing a waiver to this effect which was filed in the case. On April 15, 1964, the case came on for non-jury trial before the District Court, on which day the State put on six witnesses and rested. The following day the defense put on three witnesses and rested. The petitioner was found guilty and convicted as charged. The petitioner was also represented by a public defender when he was formally sentenced on April 21, 1964. The petitioner at this time gave notice of his intention to appeal his conviction and sentence to the appellate court.

■ Before it can be found that a defendant received ineffective assistance of counsel at his trial, it must be shown that the conduct of counsel throughout the trial amounted to a farce and a mockery on justice. Scott v. United States, 6 Cir., 334 F.2d 72. From the events above set out as shown by the evidence before the Court and the official records presented to the Court it does not appear that the public defenders representing the petitioner conducted themselves in an incompetent fashion and that the representation of petitioner at his trial before the District Court amounted to a farce and mockery on justice. To the contrary, the evidence and records disclose that petitioner was adequately and satisfactorily represented by counsel in his District Court trial.

With reference, however, to the appellate phase of the petitioner's proceeding and regarding the matter of his complaint that he was not effectively represented by counsel on his appeal, it appears, first, that the public defender acknowledges that he, as such, represented the petitioner for the purpose of his appeal. It further appears from the evidence, however, that the public defender at the time sentence was imposed took the position that he would not appeal the case as he felt there was no reversible error in the non-jury trial proceeding, and that the sentence imposed was proper. Notwithstanding this position taken by the public defender, the petitioner definitely and clearly stated that he wanted an appeal and did not by his conduct or by any statement at any time waive or give up his right to an appeal. This is acknowledged to be the case by the public defender. It also appears that the public defender, feeling as he did about not taking an appeal, refused to give the required notice of appeal following the sentencing of the petitioner and petitioner himself gave such notice in open court. The record reveals that whereas the public defender considered himself as the attorney for the petitioner for appellate purposes and assumed the responsibilities as such that in fact he

rendered the petitioner no legal assistance in connection with this appeal to include not only not giving the necessary notice of appeal but took no steps to obtain an extension of time to make and serve case-made, to obtain for petitioner the continued status as an indigent, request the trial record and case-made at state expense on the basis of indigency, or take any of the other customary steps in connection with perfecting an appeal. Nor did the public defender request permission of the Court to withdraw as attorney for the petitioner for the purposes of appeal. The record does not disclose that the public defender reported his feelings about not appealing the case to the state trial court. Under these circumstances the state trial court did not, of course, explain to the petitioner his rights and essential procedures in connection with an appeal, and did not appoint other counsel for petitioner. And the petitioner having the right to consider himself as being represented on appeal by the public defender did not make request of the state trial court for the appointment of other counsel for the purposes of his appeal until about June 30, 1964, in a document filed with the trial Court he stated he was without the assistance of counsel. The Court did not then appoint other counsel.

After being transported to the Oklahoma State Penitentiary following sentence, the petitioner wrote the public defender with no reply received and then sometime before June 16, 1964, wrote the Trial Judge requesting a case-made for the purpose of an appeal. See plaintiff's Exhibit 2. Apparently no reply or action was taken regarding this letter except to file same in the case on June 16, 1964. Sometime before June 24, 1964, the petitioner in the State Penitentiary forwarded to the Tulsa District Court a document entitled an "Application in Forma Paupris." In this document the petitioner asked leave to proceed with his appeal, Certified that he was a pauper and again asked for a case-made for purposes of an appeal. Apparently no reply or action was taken regarding this

application except to file the same in the case on June 24, 1964. Sometime before June 30, 1964, the petitioner forwarded to the Tulsa District Court a further document entitled an "Application in Forma Paupris." In this document the petitioner again claimed that he was a pauper, was without the assistance of counsel and requested the trial record as a pauper. Apparently no reply or action was taken regarding this application except to file the same in the case on June 30, 1964.

On July 8, 1964, petitioner instituted an original proceeding in the Oklahoma Court of Criminal Appeals seeking mandamus against the Trial Court for a case-made at public expense. This application was denied because no extension of time to make, serve and settle case-made was obtained by petitioner and he made no request for same or a case-made on the Trial Court within the 15 day period allowed by state law under 12 O.S.A. § 958. See Grubbs v. Johnson, Okl.Cr., 394 P.2d 540.

On November 4, 1964, petitioner filed another original proceeding in the Oklahoma Court of Criminal Appeals in which he complained again as in his earlier mandamus proceeding and in addition complained of incompetent counsel at his non-jury trial before the District Court. Again relief was denied. See Grubbs v. State, Okl.Cr., 397 P.2d 522.

■ Note is taken of the facts that an extension of time beyond the 15 days allowed by statute in which to make and serve case-made had not been obtained by petitioner's appellate counsel; the claim of poverty made by petitioner was not in affidavit form as required by State Statute (20 O.S.A. § 111), and that an appeal must be perfected in the appellate court under Oklahoma law within 90 days after judgment and sentence or in this case by July 20, 1964. In Chase v. Page, 343 F.2d 167, recently decided by the United States Court of Appeals, for the Tenth Circuit, January Term, 1965, such defects occurring in an attempt by a convicted person to get an appeal after notice of

appeal was given and within the said 90 day period for an appeal did not prevent the grant of relief. In Chase it was held that a federal constitutional question was involved to which a federal habeas corpus court must exercise its judgment, citing Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. Here, petitioner was entitled to an appeal under State law. Under the Sixth Amendment to the United States Constitution petitioner was entitled to counsel for this appeal. This means the effective assistance of counsel. Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811. Thus, a federal question is present.

This Court has recently considered this same general problem in the case of Scobie v. State of Oklahoma, D.C., 239 F. Supp. 646. In the Scobie case, the Court recognized that one convicted of a felony in Oklahoma is entitled to an appeal as a matter of right; that a Court may, however, dismiss a frivolous appeal; 22 O.S.A. § 1051; Love v. State, 385 P.2d 512 (Okl.Cr.1963). And that an indigent is entitled to the assistance of counsel on appeal. Douglas v. People of State of California, supra. The Court then concluded that one convicted of a felony under such circumstances is entitled to an appeal and to the effective assistance of counsel on appeal, and that when his counsel of his own accord decides against an appeal in the face of demand and insistence on an appeal by his client, and no appeal is in fact lodged, that the client under such circumstances has not had the effective assistance of counsel on appeal in deprivation of his constitutional right to an appeal and his rights regarding equal protection of the laws and due process of law.

 It thus appears that the petitioner herein is confined by the State of Oklahoma by virtue of a proceeding, which while resulting in the conviction and sentencing of the petitioner for an offense, the said proceeding in its entirety failed to afford the petitioner his constitutional right of appeal and his right to the equal protection of the laws and

to due process of law in connection therewith. This is so by virtue of his receiving, at the hands of his court-appointed counsel, the public defender, for purposes of appeal, in effective assistance by such counsel not conforming to the wish of his client and taking the necessary action to protect his rights by appealing his conviction and sentence. It would appear that the decision not to lodge an appeal is a personal decision residing in the convicted individual and it is not a matter resting within the exclusive discretion and authority of his counsel whether court-appointed or not. In Fay v. Noia, supra, 372 U.S. at page 439, 83 S.Ct. at page 849, 9 L.Ed.2d at page 869, the United States Supreme Court announced that a choice made by counsel not participated in by petitioner, does not automatically bar relief to habeas corpus. While the right of appeal when afforded is limited to the extent that a frivolous appeal may be dismissed, such authority to dismiss is placed only in the judgment of the Court and not in the judgment of counsel. In Ellis v. United States, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060, the United States Supreme Court stated that if counsel appointed to represent one on appeal in forma pauperis, is convinced after conscientious investigation that the appeal is frivolous, he may ask to withdraw on that account, and if the Court is satisfied that counsel has diligently investigated the possible grounds of appeal, and agrees with counsel's evaluation of the case, then it may allow leave to withdraw and deny leave to appeal. While this case involved a federal prisoner, it would seem to stand as authority for the proposition that a convicted person's counsel is not the one to determine that an appeal is frivolous or without merit, but that such a determination can only be made by a court, unless, of course, the petitioner himself decides against an appeal, in which event he would be waiving his right to same. The defendants herein do not contend by pleading or proof that an appeal by petitioner would be frivolous. In this case the petitioner did not waive his right to

an appeal, but to the contrary demanded an appeal, the public defender alone as appellate counsel made the decision not to appeal on the grounds that an appeal would be frivolous or without merit and no court at any level made or participated in this decision or even had knowledge of the same, according to the record. Therefore, the petitioner did not have the effective assistance of counsel for purposes of his appeal, in violation of his rights under the Sixth Amendment to the United States Constitution, and thereby did not receive the equal protection of the law and due process of law.

This case is not considered to be one in which an appeal was not taken due to neglect, inadvertence or deception of counsel, but rather is considered to be a case where no appeal was taken due to the deliberate unilateral decision of the appellate attorney for the convicted person not to so proceed in direct opposition to the wish of his client. Therefore, neither the case of Dodd v. United States, 9 Cir., 321 F.2d 240, requiring a showing of plain reversible error by the petitioner, nor the case of Desmond v. United States, 1 Cir., 333 F.2d 378, requiring that the prosecution show that an appeal would be futile apply here.

■ Inasmuch as the petitioner at all times in the state court was represented by the public defender, the Court will assume that he was at all times pertinent herein an indigent person and officially recognized as such by the state courts. With such determination this proceeding should be abated to allow the State of Oklahoma the opportunity to afford the petitioner an appellate review of his conviction and sentence out of time with the trial record and competent counsel provided him as an indigent person. See Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892, and Chase v. Page, supra. If the conviction and sentence is affirmed this proceeding will be dismissed. If the State of Oklahoma indicates a refusal to afford an appellate re-

view or fails to afford same with reasonable dispatch, this proceeding may be revived upon application and order of this court. It is intended that this order is appealable to the Court of Appeals.