Frank Naceo MARTIN, Petitioner,

v.

Ray H. PAGE, Warden of the Oklahoma State Penitentiary, Respondent.

Cr. No. A–14566.

Court of Criminal Appeals of Oklahoma.

July 17, 1968.

Hamilton & Carson, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge:

This is an original proceeding in which Frank Naceo Martin, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County for Robbery with Firearms and Rape in the First Degree. After having entered pleas of guilty, he was sentenced to serve three life sentences in the State Penitentiary at McAlester—one for robbery with Firearms and two for Rape in the First Degree, all to run concurrently. The judgments and sentences were entered against the defendant on the 6th day of February, 1952, and no appeal was perfected to this Court. Thereafter, the defendant was received by the penitentiary officials on the 12th day of February, 1952, and was

paroled on the 29th day of November, 1961, which parole was revoked on the 6th day of October, 1966, and said defendant was returned to the penitentiary. Thereafter he filed an application in the District Court of Pittsburg County seeking his release from confinement under the sentences rendered against him in the District Court of Oklahoma County and said application was by the court denied on the 18th day of December, 1967, in accordance with Hurt v. Lackey, Okl.Cr., 372 P.2d 50.

At the outset we observe that defendant does not seek post conviction review of the judgments and sentences rendered against him, but rather attacks the validity of said judgments and sentences alleging the following: that he was taken into custody by the City Police, beaten, and thereafter confessions were obtained from him by the city authorities and the authorities of Oklahoma County. Defendant further alleges that he was advised by unnamed officers that if he entered pleas of guilty to all of the charges he would receive a sentence of ten years imprisonment. Defendant alleges that he was arraigned in the Justice of the Peace Court and Preliminary Hearing was set thereon, at which time he was not advised of his right to counsel and at which time he, at the suggestion of the prosecuting authorities, waived preliminary hearing. He further alleges that the Public Defender was appointed to plead him guilty and that the said Public Defender did not converse with him about the facts in the case, but he assumed the Public Defender knew of the agreement to enter the pleas of guilty in exchange for a ten year sentence in each of the charges, to run concurrently.

Defendant further alleges that he appeared in the District Court of Judge Glen O. Morris where he entered pleas of guilty to the charges above named, together with other charges, which were to run concurrently and have been fully satisfied.

Defendant alleges that he was not advised of his right to appeal and was ignorant of the law concerning his right to appeal and for this reason no appeal was perfected.

This matter was set for oral argument on the 16th day of January, 1968, at which time the defendant and his attorneys appeared in open court, the defendant was sworn and testified in substance that on the evening of his arrest at about 1:00 in the morning, while a prisoner in the city jail of Oklahoma City, two officers of the Oklahoma City Police Department came to his cell and beat him and that thereafter, during the day following his arrest, he was advised by the interrogating officers that if he would confess to the several crimes of which he was suspected and enter pleas of guilty, he would receive total sentences of ten years. Defendant further testified that he conversed only one time with his court-appointed counsel prior to appearing in the District Court and did not discuss the merits of the cases at that time. He further testified that he went to the District Court of Judge Morris with the intention of pleading guilty under the promise of receiving the ten year sentences, but that he personally did not enter a plea of guilty or could not remember so doing, and he was sentenced as set forth above. Defendant further admitted that when he appeared before the Pardon and Parole Board he acknowledged his guilt to the several offenses for which he was convicted, but stated he would have done anything to get out of the penitentiary. The defendant attached a number of exhibits to his petition and the State, in its Response and Memorandum Brief, has answered the various allegations of the defendant.

At the outset, we observe defendant's first contention that he was beaten by city police officers is supported by his

testimony and indeed by a newspaper account which he attaches as Exhibit D[2]. This exhibit upon which he relies to support his allegation of a beating, however, reflects that the confessions were obtained prior to the beating and further reflects that the officer who abused the defendant was not seeking a confession, but that he beat the defendant because one of the victims of the rape was a friend of the officer's. When this matter was called to the attention of the city police officials by the defendant, one of the officers was fired and the other resigned. Although the defendant alleges that he was promised ten year sentences in exchange for his pleas of guilty, he could not recall who the officers were.

The record does disclose that he waived preliminary hearing, appeared in open court and was appointed Mr. Charles W. Moos to represent him when he requested the appointment of counsel. This appointment was made by the Honorable Baker Malone, one of the Judges of the Seventh Judicial District, on the 25th day of January, 1952. The record further reflects in the judgments and sentences duly signed by the trial judge, that the defendant appeared in open court and with counsel and was advised of his constitutional rights, whereupon he entered his pleas of guilty and was by the court sentenced to the respective three life imprisonment terms and other sentences to run concurrently with them, which have been fully satisfied. The record reflects that the trial judge advised him of his right to appeal, but that after the rendition of judgment he neither sought to withdraw his pleas of guilty, nor requested a transcript at public expense, nor the appointment of counsel to represent him on appeal.

Under these facts we are of the opinion that when the defendant appeared in open court with counsel, freely and voluntarily entered pleas of guilty with full knowledge of the nature and consequences of such pleas, he effectively waived any irregularity in the preliminary proceedings. It is significant to note that although the defendant remained in the penitentiary from 1952 until his release on probation in 1961, he did not seek to question his convictions, but rather the records of the penitentiary reflect that he acknowledged his guilt as indeed he did, when he appeared before the Pardon and Parole Board prior to receiving his parole. It is likewise significant that subsequent to the revocation of his parole he has never sought a post conviction review of the judgments and sentences rendered against him, but has instituted these proceedings when the trial judge and the court-appointed attorney are both deceased. He seeks to bolster his allegations by his testimony alone.

We are of the opinion that the relief prayed for should be denied for the reason that he has failed to establish proof of his contentions, and for the further reason that the defendant knowingly and intelligently entered pleas of guilty to the charges for which he is currently confined, with full knowledge of the nature and consequences of such pleas, while represented by competent counsel, and that he has not been denied any right under the Constitution of the United States or the State of Oklahoma.

For all of the reasons above set forth, the writ of habeas corpus is hereby denied.

Writ denied.

NIX, P. J., and BRETT, J., concur.