**Paul GOODWIN, Petitioner,**

v.

**Ray H. PAGE, Warden of the Oklahoma
State Penitentiary, Respondent.**

Cr. No. A–14180.

Court of Criminal Appeals of Oklahoma.

July 31, 1968.

834

Milton Keen, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

LERBLANCE, Referee:

This is an original proceeding brought by Paul Goodwin seeking a writ of habeas corpus alleging the invalidity of the judgement and sentence of the Superior Court of Seminole County, State of Oklahoma, dated October 17, 1936, pursuant to which Petitioner is presently serving a life sentence in the Oklahoma State Penitentiary for the crime of murder.

This court has before it by way of record and evidence the following items: The transcript from an evidentiary hearing conducted February 8, 1967, before the judges of this court which contains only the examination and cross examination of Petitioner; The information, excerpts from the minute book on Case No. 438, Superior Court for Seminole County, a transcript of the filing in the Criminal Docket, and a copy of the judgement and sentence of that case; The information, transcript of filings in the Criminal Appearance Docket, and

judgement and sentence in Case No. 986, Kingfisher County. There is no casemade of the proceedings in either case. Although Petitioner quotes from newspaper articles about his trial we are not prepared to accept newspaper coverage as a substitute for a casemade properly certified by a qualified court reporter.

The minutes of the Superior Court for Seminole County, State of Oklahoma, for Case No. 439, State v. Horce Lindsey and Paul Goodwin state as follows: On August 4, 1936, the Defendants were arraigned and their request for time in which to plead was granted. On August 5, 1936, Defendant's arraignment was continued and the Defendant's motion to quash the information was filed and overruled. Both Defendants then entered a plea of not guilty. On August 11, 1936, upon representation of Defendant Goodwin and the County Attorney, the court appointed C. L. Hill as counsel for Defendant Goodwin. On October 12, 1936, both Defendants with counsel appeared before Judge C. Guy Cutlip. Severance was granted and the State elected to try Defendant Goodwin first. On October 13, 1936, the jury returned a verdict of guilty and assessed the punishment at life imprisonment. On October 17, 1936, Defendant was present with his counsel whereupon the court overruled Defendant's motion for new trial and Defendant was then sentenced to life in the penitentiary.

Petitioner, Paul Goodwin, testified before this court on February 8, 1967, that after the sentence was given his attorney told Judge Cutlip he would make a motion to appeal the case whereupon the judge replied "all right." However, no appeal was perfected.

The records further indicate that on July 7, 1961, Petitioner was paroled from the Oklahoma State Penitentiary. Petitioner was returned to the penitentiary on December 26, 1962, for parole violation. On September 8, 1962, Petitioner was charged with Robbery with Firearms in Kingfisher County, State of Oklahoma, which crime took place during Petitioner's parole. Pe-

titioner was represented by counsel, Bob Macy, during all the proceedings upon the Kingfisher charge. On April 30, 1963, judgement and sentence were pronounced by Judge Tom R. Blaine upon a jury verdict finding Petitioner guilty as charged with sentence assessed at five years in the penitentiary.

According to the records of the state penitentiary Petitioner is presently incarcerated on the authority of the 1936 judgement from Seminole County and has not begun serving his sentence from Kingfisher County.

In his petition for habeas corpus Petitioner attacks only the validity of the judgement from Seminole County sentencing him to life imprisonment. Petitioner alleges that relative to the Seminole judgement he was arrested in Pensacola, Florida, on July 20, 1936, and held for Oklahoma officers who removed Petitioner from that state without extradition papers or waiver and returned him to Oklahoma staying in various jails along the way. The petition alleges that on July 30, 1936, he was given an "automobile arraignment" before a justice of the peace who waived a preliminary hearing. Petitioner contends that all during this time and until October 7, 1936, when the court appointed attorney visited Petitioner at jail, that he demanded and was denied assistance of counsel.

Petitioner alleges that there was considerable public excitement and prejudicial publicity about the crime which was the murder of a local peace officer. Petitioner claims that some of the jurors admitted to having read newspaper articles about the crime. He further alleges that he was handcuffed when entering and leaving the court room in front of jurors.

Petitioner contends that he was denied effective assistance of counsel in that he only saw the court appointed counsel five days before trial, that counsel did not subpeona witnesses, that counsel failed to make an opening statement, failed to ask for a continuance or venue change, placed

no evidence before the court, and did not keep his promise to appeal the conviction.

Petitioner further alleges that the trial judge did not advise him of his right to appeal or his right to a court appointed counsel to perfect an appeal.

It is the argument of Petitioner that Seminole County judgement is void because of the denial of due process of law resulting from illegality of arrest, improper preliminary proceedings, prejudicial publicity, being handcuffed before the jury, lack of assistance of counsel, and failure to advise Petitioner of his right to appeal with aid of court appointed counsel if necessary. Petitioner argues that if the Seminole judgement is void then Petitioner began serving his Kingfisher County sentence of five years when it was pronounced on April 30, 1963, which would have been completed and satisfied on January 20, 1966. Therefore, Petitioner concludes the Seminole County judgement should be voided and he should be immediately released from the penitentiary.

Petitioner has painted a grave picture and if his allegations were borne out by the record, relief would be appropriate. However, what greatly concerns this court is that in the face of such serious allegations there is lacking a complete record necessary for a fair and proper determination of the issues raised.

■ At the outset we reject the contention that if the Seminole judgement is void Petitioner has been serving his subsequent sentence on the Kingfisher County judgement. Habeas corpus does not determine guilt or innocence but only determines whether Petitioner is restrained of his liberty by due process of law and if the sentencing court has jurisdiction to enter the judgement. Application of Bales, Okl.Cr., 294 P.2d 591. If a writ of habeas corpus should release Petitioner from the Seminole County sentence, he would still have to serve the Kingfisher sentence which remains unsatisfied since Petitioner is pres-

ently incarcerated on the life sentence from Seminole County. Habeas corpus release on the prior judgement would not operate retro-actively to effect a transfer of prison time served on the prior judgement toward satisfaction of the subsequent Kingfisher County judgement and sentence.

■ It is fundamental in Oklahoma that jurisdiction of a court over the person of one physically before the court upon criminal charges is not impaired by manner in which accused is brought before it, and fact that arrest was unlawful or removal proceedings illegal would not affect such jurisdiction. Peeples v. Page, Okl.Cr., 410 P.2d 888. Walters v. State, Okl.Cr., 403 P.2d 267. Allen v. State, Okl.Cr., 400 P.2d 463.

■ It is true as this court held in Application of Fowler, Okl.Cr., 356 P.2d 770, 778, that,

" * * * delay in taking the accused before the magistrate *may* constitute an important element, when considered with other elements, in the denial of Constitutional and Statutory due process." (emphasis added)

However, there is nothing before us to indicate a prejudicial delay in taking Petitioner before a magistrate.

■ Considerable adverse pretrial publicity does not ipso facto require a continuance, a venue change, or a new trial. As this court held in Shapard v. State, Okl. Cr., 437 P.2d 565, 569:

"Mere fact that there has been widespread adverse pretrial publicity about defendant does not, by itself, establish reasonable probability that defendant cannot obtain a fair and impartial jury at criminal trial and is therefore entitled to postponement of trial for indefinite or substantial period of time."

As this court held in Shapard v. State, supra, a defendant can be assured a fair and impartial jury in the face of widespread adverse publicity through the voir dire examination of the jury. Nor does

the fact that jurors have read adverse publicity disqualify prospective jurors if they can act impartially and fairly upon the matters to be submitted to them. However, in the absence of any record of the voir dire examination of the jury it is impossible for this court to find that the jury empaneled was not impartial. "The burden of establishing the allegations of the petition is on the petitioner." Application of Bales, supra.

Prior to the amendment of 22 O. S. 1961, § 15, in 1953, which prohibits trying a defendant in chains and shackles, the law in Oklahoma was as stated in De Wolf v. State, 107 Okl.Cr. 311, 245 P.2d 107:

"The matter of restraint by means of surveillance, shackles and leg irons and other means of maintaining order and preventing acts of violence and escape are matters within the sound judicial discretion of the trial court. In such a case sound judicial discretion is that discretion which is based upon reasonable grounds of apprehension."

Accordingly, even if there were proof of Petitioner's being handcuffed in front of the jury in 1936 such fact by itself would not warrant release by habeas corpus.

As regards the serious allegation that Petitioner was denied the effective assistance of counsel we find no support of Petitioner's position in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694. In Johnson v. State of New Jersey (1966) 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the United States Supreme Court held that Miranda's "guidelines are therefore available only to persons whose trials had not begun as of June 13, 1966."

The law in Oklahoma has long been that accused is entitled to counsel at all stages in criminal proceedings and Petitioner cites in support Benton v. State, 86 Okl.Cr. 137, 190 P.2d 168, in which this court held:

"Where it appears, on appeal, that the defendant has been denied the right to aid of counsel and *that substantial injury resulted thereby,* the same will constitute grounds for reversal." (emphasis added)

Of course, habeas corpus is not a substitute for appeal. Application of Bales, supra. In any event, the record does not disclose any substantial injury to the Petitioner due to the fact that he did not have an attorney prior to trial. For instance, there is no allegation, nor does the testimony of Petitioner at the evidentiary hearing reveal, that Petitioner was convicted at the trial on the basis of a confession extracted from Petitioner before counsel was appointed. Absent a casemade of the trial it would be impossible to determine such a fact. Thus, while Oklahoma law has entitled a defendant to counsel at all stages of criminal proceeding the absence of counsel at pretrial proceedings does not by itself amount to denial of due process without a showing of prejudicial injury.

Petitioner was furnished counsel long before the trial date. We cannot, absent a record of the trial, find that counsel was incompetent based on allegations that he failed to call defense witnesses or put on evidence. Indeed, there may have been no evidence or witness that would have been beneficial to Petitioner. Nor, can we conclude that because Petitioner was convicted that his counsel was ineffective.

In Grubbs v. State, Okl.Cr., 397 P.2d 522, this court rejected the contention that the Petitioner has been denied a fair trial based on a claim of ineffective counsel and held:

"Moreover, we observe that petitioner's court appointed counsel is a duly licensed member of the Oklahoma Bar qualified by training and experience to protect the rights of an accused in criminal proceedings. We therefore hold that this unsupported allegation of the petitioner is without merit."

In Shelton v. State, Okl.Cr., 381 P.2d 324, this court held:

"Petitioner contends that he was forced to trial with an attorney who lacked in sympathy and interest because of prejudice. This is not a question to be raised on Habeas Corpus * * *."

Furthermore, in Scott v. United States, 334 F.2d 72 (6 Cir. 1964), cert. denied 379 U.S. 842, 85 S.Ct. 81, 13 L.Ed.2d 48, it was held:

"Only if it can be said that what was or was not done by the defendant's attorney for his client made the proceedings a farce and a mockery of justice, shocking to the conscience of the Court, can a charge of inadequate legal representation prevail."

To the same effect see also Grubbs v. State of Oklahoma, 239 F.Supp. 1014 (E.D. Okla.1965), cert. denied 385 U.S. 873, 87 S.Ct. 146, 17 L.Ed.2d 100; Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958), cert. denied 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86.

█ We are not prepared to hold, absent a record of the trial, that the conduct of Petitioner's court appointed counsel, who is now deceased and unable to defend his actions, amounts to "a farce and a mockery of justice shocking to the conscience of the court." Reportedly, Petitioner's court appointed counsel was a former county attorney and county judge.

█ It is a fundamental and familiar rule as stated in Grubbs v. State, Okl.Cr. App., 397 P.2d 522, that:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof. It is only when the record and the evidence reveal that the judgment and sentence under which petitioner is being held is void will relief be granted by habeas corpus."

This court held in Butler v. Page, Okl. Cr., 421 P.2d 276:

"Where a petition in habeas corpus charges deprivation of constitutional rights the proof to entitle Petitioner to relief must be clear and convincing."

*    *    *    *    *    *

"There is always a presumption in favor of the regularity of the proceedings of the trial courts in this State. One who challenges such proceedings by petition for writ of habeas corpus has the burden to show there was sufficient irregularity to deprive the court of jurisdiction to render judgment and sentence. See: Gourley v. Raines, Okl.Cr., 371 P.2d 520, and Application of Russell, Okl.Cr., 354 P.2d 485."

Petitioner has not sustained his burden to show by clear and convincing proof that the proceedings were made irregular and void due to inadequate legal counsel.

There might be some merit to the allegation that Petitioner may have been denied due process in that he was not advised of his right to appeal with the assistance of court appointed counsel in view of Wynn v. Page, 369 F.2d 930 (10 Cir. 1966). However, the record is silent on whether the judge advised Petitioner of his right. Consequently, since the judge is now deceased it would be impossible to find out if he so advised Petitioner absent the record. Likewise, with both the trial judge and Petitioner's trial counsel deceased it is impossible to find out why an appeal was not perfected.

█ If Petitioner has been denied his right to appeal this defect could be cured by granting Petitioner an appeal out of time. However, we are advised by counsel for Petitioner and the court clerk of Seminole County that they cannot locate the court reporter's notes or additional material regarding Petitioner's 1936 trial. Absent the court reporter's notes it would be impossible to furnish a casemade of Petitioner's trial. Without a casemade this court could only review the record as it stands for fundamental error. That has

been done in substance in this proceeding and we find no fundamental error requiring a new trial or dismissal of the cause. To allow Petitioner an appeal at this time would amount to an exercise in futility which would serve no useful purpose.

A great deal of time has lapsed since Petitioner was convicted in 1936 during which no attempt was made by habeas corpus or appeal to review the proceedings. Petitioner would not have needed the assistance of counsel to invoke a review by this court. Rather, Petitioner sought and received a parole which he later violated.

In the recent case of Martin v. Page, Okl.Cr., 444 P.2d 830, this court held Petitioner was not entitled to discharge from the penitentiary by way of habeas corpus and stated in reaching it's decision:

"It is significant to note that although the defendant remained in the penitentiary from 1952 until his release on probation in 1961, he did not seek to question his convictions, but rather the records of the penitentiary reflect that he acknowledged his guilt as indeed he did, when he appeared before the Pardon and Parole Board prior to receiving his parole. It is likewise significant that subsequent to the revocation of his parole he has never sought a post conviction review of the judgments and sentences rendered against him, but has instituted these proceedings when the trial judge and the court-appointed attorney are both deceased. He seeks to bolster his allegations by his testimony alone."

The above quoted case is quite similar to the circumstances in the instant case. Accordingly, it is our finding that Petitioner has not sustained his burden nor overcome the presumption of regularity in the proceeding by clear and convincing proof that the 1936 judgment in Seminole County is void due to irregularities as shown by the record and evidence.

For the reasons set forth above the writ of habeas corpus is hereby denied.