Jake Dale **THORNTON**, Petitioner,

v.

**STATE** of Oklahoma and Ray H. Page, Warden, Respondents.

No. A–14848.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Jake Dale Thornton, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding for a writ of habeas corpus by Jake Dale Thornton who is presently incarcerated in the Oklahoma State Penitentiary under authority of judgment and sentence pronounced on February 12, 1968, sentencing Petitioner to life imprisonment for the crime of murder in the District Court of Oklahoma County, Oklahoma, Case No. 33712. In support of his petition for relief Petitioner alleges that his plea was a result of coercion on the part of his attorney in behalf of the prosecution due to the attorney's pessimism as to the outcome and the belief that death would be the sentence if he were found guilty.

■ We have been furnished with a transcript of the proceedings held upon Petitioner's sentencing, February 12, 1968, and from a review of this transcript we make the following findings: Petitioner came before the court represented by court appointed counsel with whom he had conferred; the information was read to the Petitioner; Petitioner acknowledged that he understood that he could have a jury trial if he so desired; Petitioner acknowledged that he understood the effect of his plea and the punishments that could be imposed thereon; the court gave Petitioner on this occasion time to confer with his attorney and with his wife; Petitioner thereupon freely and voluntarily entered his plea of guilty; Petitioner acknowledged that he had not been mistreated, abused, or threatened by the prosecution, the sheriff, his court appointed counsel, or anyone; finally, Petitioner was fully advised of his right to appeal and that counsel would be appointed to perfect such an appeal and a casemade prepared at state expense if necessary. Petitioner expressly waived his right to appeal.

In view of Petitioner's allegations and our findings we come to the inescapable conclusion that Petitioner has stated nothing which would justify the granting of habeas corpus relief. As this Court stated in Lindsey v. State, Okl.Cr., 374 P.2d 628, in the second paragraph of its syllabus:

"When Accused voluntarily entered his plea of Guilty to Information, with advice and aid of counsel, without challenging Information by Motion to Quash or Set Aside the Information, accused waived any right to question proceedings or any irregularity therein."

In addition it does not appear that the actions of Petitioner's court appointed counsel, Mr. Don Anderson, the Oklahoma County public defender, made the proceedings a farce and mockery of justice or would support a charge of inadequate legal representation. Goodwin v. Page, Okl.Cr., 444 P.2d 833. Grubbs v. State, Okl.Cr., 397 P.2d 522.

■ A writ of habeas corpus is not justified where Petitioner was represented by court appointed counsel, who gave his best advice as he saw the case, and then freely and voluntarily entered a plea of guilty after being fully advised of his rights and accordingly the petition is hereby denied.

Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.