Frank Naceo **MARTIN**, Petitioner-
Appellee,

v.

**Ray H. PAGE**, Warden, Respondent-
Appellant.

No. 217-69.

United States Court of Appeals
Tenth Circuit.

Oct. 28, 1969.

———————◆———————

H. L. McConnell, Asst. Atty. Gen.,
(G. T. Blankenship, Atty. Gen., and Dale
F. Crowder, Asst. Atty. Gen., on the
brief), for appellant.

Don Hamilton, of Hamilton & Carson,
Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, LEW-
IS, Circuit Judge, and THEIS, District
Judge.

PER CURIAM.

This is an appeal from a judgment and
order of the United States District Court
for the Western District of Oklahoma
granting relief to appellee Martin by
writ of habeas corpus. Martin is a state
prisoner presently in the custody of ap-
pellant by virtue of the imposition of
three sentences which are the subject of
the case at bar and at least one additional
sentence the validity of which is not now
questioned. Each of the questioned sen-
tences was imposed after entry of a plea
of guilty and the relief granted by the
district court was premised on findings
that such pleas were not entered "volun-
tarily, knowingly and understandingly,
but [Martin] entered said pleas with the
firm conviction that he would receive
a sentence of ten (10) years on all of
these charges."

The issue of, the voluntariness of Mar-
tin's pleas had earlier been considered
by the Oklahoma Court of Criminal Ap-
peals in a post-conviction proceeding.
That court, after a full evidentiary hear-
ing, rejected Martin's claims and denied
relief. Martin v. Page, 444 P.2d 830.
However, the federal district court was
unable to accord weight to the presump-
tive correctness of the state court deci-
sion, 28 U.S.C. § 2254(d), because the
State of Oklahoma had not recorded the
testimony given at the state hearing.
This unfortunate and avoidable frustra-
tion of the cited statute required the
district court to hold an independent evi-
dentiary hearing and to make original
findings of fact premised largely on a
subjective determination of credibility.
From our examination of the federal
record and our reading of the state court
opinion it seems apparent that the state
court rejected the credibility of Martin's
own testimony and the court below
deemed Martin a completely credible wit-
ness in his own behalf. Since we are
reviewing only the federal evidentiary
record we accept the determination of
credibility made by the district court.

Appellant concedes, as he must, that
appellee is entitled to federal relief if,
in truth, the subject pleas of guilty were
motivated by a promise of a ten-year

sentence.[1] But appellant argues, at least inferentially, that appellee cannot meet his burden of establishing the involuntariness of his pleas by his self-serving testimony and contends directly that Martin's testimony is wholly uncorroborated in the case at bar by circumstance or otherwise. We must reject each argument.

Although the self-serving testimony of a felon is certainly suspect and should be viewed by the fact-finder with caution we know of no rule that extends further as a bar to the acceptance of such testimony as sustaining an evidentiary burden. Here, appellee testified that soon after his arrest and while incarcerated he was interviewed by Oklahoma police officers, urged to clean up the three subject crimes and told: "Well, you understand you can do ten years and come back and everything will be all right, you know, you want to get it all out of the way." Thereafter, appellee testified, he believed he had a "package deal" and accepted all procedures and authoritative suggestions without complaint until sentences were imposed. Appellee's testimony, if credible, is legally sufficient to support the granting of federal relief.

Appellant, however, further contends that the credibility of appellee's testimony is overwhelmed by both direct testimony and the totality of circumstances shown by the record and that the finding below is thus clearly erroneous within the appellate purview of Rule 52(a), Fed.R.Civ.P. We certainly agree that the record does disclose circumstances and events, some of which are discussed in the cited opinion of the state court, that might well convince a fact-finder that appellee's pleas were voluntary. However, appellee's credibility also finds support in the record. Appellee made no personal complaint concerning a beating he suffered from police officers while in custody, indicating a possible inference that, despite inexcusable maltreatment, he was content with his "package

deal." And an even stronger inference that such a deal existed can be premised on the undisputed fact that appellee immediately after the pronouncement of life sentences turned on his appointed counsel and violently attacked him in open court. Such conduct is consistent with a subjective belief that a firm and inducive promise had been broken. The trial court, having so found, is supported by the record and the judgment is

Affirmed.

---

1. We do not deem it necessary to consider whether any other proper premise for federal relief is reflected in the record.