**George D. McKEE, Jr., Appellant,**

v.

**Ray H. PAGE, Warden, Appellee.**

**No. 221-70.**

United States Court of Appeals,
Tenth Circuit.

Dec. 15, 1970.

Russell Cranmer, Wichita, Kan., for appellant.

H. L. McConnell, Asst. Atty. Gen. of Oklahoma (G. T. Blankenship, Atty. Gen. of Oklahoma, with him on the brief), for appellee.

Before PHILLIPS, PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

This is an appeal from an order of the United States District Court for the Northern District of Oklahoma denying the appellant McKee's petition for writ of habeas corpus. During the year 1935 McKee was convicted of murder in the District Court of Osage County, Oklahoma and sentenced to life imprisonment. He is now serving that sentence. His basic argument here is that he was unconstitutionally denied his right of appeal from the conviction. Prior to the commencement of this action McKee had petitioned the Oklahoma Court of Criminal Appeals for an order permitting him a delayed appeal under the provisions of 22 O.S. § 1073 (1969 Supp.). The Court of Criminal Appeals directed an evidentiary hearing in the Osage County District Court for determination of facts material to the allegations of the petition. A transcript of the evidentiary hearing before a district judge, together with the findings of the district court were certified to the Oklahoma Court of Criminal Appeals. The latter court agreed with the district court findings that McKee had been represented by retained counsel in all the original proceedings in the district court, including the time for appeal, and denied the relief prayed for. The transcript submitted to the Oklahoma Court of Criminal Appeals contained the record of all the state district court proceedings and also the testimony of McKee before the state district judge. The attorneys who represented McKee in the original case, the judge, the prosecuting attorney, the court reporter, and McKee's father, who assisted the attorneys, were all deceased.

The record reflects that immediately after his arrest in 1935 on a murder

complaint, McKee employed the law firm of Tillman & Tillman of Pawhuska, Oklahoma to represent him. Apparently John Tillman, at the request of McKee, was to handle the case. A preliminary hearing was waived before a justice of the peace and McKee was bound over to district court for trial. On September 3, 1935 an information was filed to which McKee entered a plea of not guilty. On October 14, 1935 John Tillman appeared in open court and formally withdrew from the case. Attorney Louis O. Fink was present and announced that he would represent McKee thereafter.[1] After conviction Fink filed motions for new trial and in arrest of judgment. These motions were overruled and McKee was sentenced on November 4. An application was also filed by Fink for an order directing the court reporter to file with the clerk of the court a transcript of his shorthand notes taken at the trial. Fink told McKee that he would appeal and adequate notice was filed. The court allowed sixty days to file a "casemade" as required by Oklahoma Statutes. On December 30, 1935 an order was entered granting an additional forty days to prepare and file a casemade. It is significant that the motions filed before and after conviction, including application for a transcript and the notice of intent to appeal, were signed "Tillman & Tillman" by "Louis O. Fink."

Immediately after sentencing, McKee was transferred to the Oklahoma State Penitentiary and thereafter his contact with attorney Fink was through his father. An application for another extension of time to perfect an appeal was made by McKee on the 21st day of April, 1936. The first indication that employed counsel was not representing McKee was in this application, in which it is stated that he is without funds to employ counsel, but he asks only for additional time to file his appeal, and does not ask for the appointment of counsel. The record does not disclose who prepared this latter application, but McKee testified that it was sent to the penitentiary for him to sign. No action was taken on this application. McKee later learned from his father that the time for appeal had passed.

After an examination of the complete record of the state court evidentiary hearing, the United States District Court concluded that the state court's finding, that McKee of his own free choice accepted the services of retained counsel who failed to perfect his appeal under the mandatory statutes of Oklahoma, was supported by substantial evidence. The Oklahoma Court of Criminal Appeals stated that "(i)t is impossible to ascertain at this time the reason why an appeal was not perfected or even if it was abandoned with the consent of petitioner" and concluded that the petitioner had been denied no constitutional right relating to his appeal.

■ The record shows that McKee had a full, fair and adequate hearing in state court and we agree that the record as a whole supports the finding that McKee was represented by counsel of his own choice throughout the original state proceedings. From the showing made the state court finding is presumed to be correct. 28 U.S.C. § 2254 (d).[2] Whiteley v. Meacham, 416 F.2d 36 (10th Cir. 1969), app. pending limited to other issue, Whiteley v. Warden of Wyoming State Penitentiary, 397 U.S.

1. The district court minutes with reference to this case on this date state the action taken as follows:
   "Called and John Tillman is given permission to withdraw as attorney and Louis O. Fink announces that he is the attorney for the Defendant, George McKee, Jr."

2. The 1966 amendments to § 2254 were designed to expedite the disposition of habeas corpus cases brought in federal court by persons in custody pursuant to a state court judgment. It is provided that in cases where the state court has made written findings of material factual issues under the conditions set forth in the statute, such findings are presumed to be correct in subsequent federal habeas corpus proceedings. See U.S. Code Cong. & Adm.News, 89 Cong. 2nd Sess.1966, p. 3663.

1062, 90 S.Ct. 1505, 25 L.Ed.2d 683. See generally United States ex rel. Lo Piccolo v. La Vallee, 377 F.2d 221 (2d Cir. 1967), cert. denied, Lo Piccolo v. La Vallee, 389 U.S. 870, 88 S.Ct. 148, 19 L.Ed.2d 148; Wade v. Yeager, 377 F.2d 841 (3d Cir. 1967), cert. denied, 393 U.S. 893, 89 S.Ct. 218, 21 L.Ed.2d 173.

When an accused is represented throughout a trial and in subsequent proceedings by retained counsel, the failure to perfect an appeal within the statutory time is not grounds for discharge on habeas corpus. Buchanan v. State of Oklahoma, 370 F.2d 199 (10th Cir. 1966), cert. denied, 389 U.S. 861, 88 S.Ct. 114, 19 L.Ed.2d 129; Schechter v. Waters, 199 F.2d 318 (10th Cir. 1952); Moore v. Aderhold, 108 F.2d 729 (10th Cir. 1939).

Finally McKee contends that he was denied due process of law when the state district court failed to provide him with a free transcript of the trial proceedings. In Oklahoma, one convicted of a crime who desires to appeal will not be furnished a free transcript of trial proceedings without a proper showing of indigency. Williams v. Windham, Okl. Cr., 392 P.2d 764 (1964); Miller v. State, Okl.Cr., 379 P.2d 708 (1963); Neal v. State, Okl.Cr., 355 P.2d 1071 (1960), cert. denied, 365 U.S. 824, 81 S.Ct. 710, 5 L.Ed.2d 701. See also 55 A.L.R.2d 1072, 1104. It was not until his time for appeal had expired that McKee informed the court by verified oath that he was without funds to pay for the preparation of a transcript. Under the circumstances here, McKee's right to a transcript expired with his right of appeal. Grubbs v. Johnson, Okl. Cr., 394 P.2d 540 (1964); Williams v. Windham, *supra*; Miller v. State, *supra*; Monzell v. State, 78 Okl.Cr. 34, 143 P.2d 163 (1943); Henderson v. State, 63 Okl.Cr. 269, 74 P.2d 623 (1937); Palmore v. State, 61 Okl.Cr. 312, 67 P.2d 974 (1937).

Affirmed.