James Ellis WHITE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. 0–86–351.

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1988.

Johnie O'Neal, Asst. Appellate Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, James Ellis White, plead guilty to the crime of Possession of a Stolen Vehicle in March, 1983, in the District Court of Tulsa County Case No. CRF–83–850. He was given a two (2) year suspended sentence and placed on probation.

For the months of April through August, 1983, the appellant violated the terms of his probation by failing to report to his probation officer, failing to notify as to his whereabouts, and failing to inform the Department of Corrections of any changes in his address. The appellant states that this is because, when he called the Department after his sentencing, he was told that there was no file on him. The appellant states that it was his understanding that the Department "didn't have a record of me being on probation and as far as they was concerned, I was not on probation." The appellant also admits that he was aware of the terms and conditions of his probation.

Subsequently, on September 16, 1983, the State filed an Application to Revoke the appellant's suspended sentence and a bench warrant was issued for his arrest. Fifteen months later, on February 2, 1985, the appellant became involved in a shooting at a Tulsa nightclub, which resulted in First Degree Murder charges being filed against him.

Apparently the appellant fled to Arkansas. The record does not show how he came to be in the custody of the State of Arkansas, but the State of Oklahoma regained custody of the appellant on May 30, 1985, pursuant to The Interstate Agreement On Detainer Act, (I.A.D.), 22 O.S. 1981, § 1345 et seq., alleging a charge of First Degree Murder. At his arraignment that day, the appellant pled not guilty to a charge of First Degree Murder in the District Court of Tulsa County Case No. CRF–85–1324. The Murder charge was dismissed on November 4, 1985, because the State failed to comply with the provisions of the I.A.D. which require that the matter be brought to trial within 120 days after regaining custody of an accused.

A revocation hearing was subsequently held on November 21, 1985, in Case No. CRF–83–850. The State presented evidence that the appellant had knowingly violated the terms of his probation agreement. The appellant objected to the evidence and denied the allegation that he knowingly violated his probation. The trial court revoked the suspended sentence and ordered the appellant to serve his full term of incarceration in Case No. CRF–83–850.

As his sole proposition of error, the appellant argues that the trial court lacked jurisdiction because his revocation hearing, like the murder trial, was not held within the 120 day time requirement set by the Interstate Agreement on Detainer Act. He argues that since he was returned to the jurisdiction under I.A.D., that act is the court's sole source of jurisdiction over him. Since no detainer was filed in CRF–83–850, he argues, when the Murder charge in CRF–85–1324 was dismissed, the State was without authority to revoke his probation in CRF–83–850.

Appellant suggest that this Court should overrule *Engs v. District Court of Tulsa County*, 645 P.2d 1035 (Okl.Cr.1982),

where we held that the I.A.D. does not apply to detainers based on revocation hearings. However, the appellant's entire argument is contrary to the express holding of the United States Supreme Court in *Carchman v. Nash,* 473 U.S. 716, 105 S.Ct. 3401, 3411, 87 L.Ed.2d 516 (1985), and we decline his invitation to overrule *Engs.*

Accordingly, since any other error which may have occurred at the revocation hearing has been waived by appellant's failure to argue the same on appeal, we conclude that there is no merit to this appeal and the order revoking the appellant's suspended sentence is AFFIRMED.

PARKS, J., concurs.

BRETT, P.J., specially concurs.

BRETT, Presiding Judge: specially concurring.

I agree that both *Engs* and *Carchman* stand for the proposition that the I.A.D. does not apply to detainers based on revocation hearings. But here, the detainer was not based upon the application to revoke the suspended sentence but was based upon the murder charge.

The district court, however, had proper jurisdiction over the revocation proceeding by virtue of the appellant's presence in the court under the murder detainer. It is a fundamental rule that jurisdiction over the person of one physically before the court on criminal charges is not imparied by the manner in which an accused is brought before it. *Goodwin v. Page,* 444 P.2d 833 (Okl.Cr.1968).

The jurisdiction thus being proper, the order revoking the appellant's suspended sentence should be affirmed.